# Bridget Riley v. The Prudential Insurance Company, Appellant.

*Amendments—Practice, C. P.—Deprivation of substantial rights.*

While courts are disposed to be liberal in the allowance of amendments, either as to parties or pleadings, this is never done when the opposite party is deprived of any substantial rights.

*Limitation of action—Insurance—Amendment of record.*

A suit on a policy of insurance may not be amended so as to introduce a new party on the record as plaintiff, thereby giving the right to claim from the defendant company the stipulated amount of insurance as of the date when the suit commenced, said right being otherwise barred, by the lapse of time, under the conditions of the policy.

Argued Jan. 10, 1900. Appeal, No. 47, Jan. T., 1900, by defendant, from judgment of C. P. Luzerne Co., March T., 1896,

No. 442, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by BEAVER, P. J.

Appeal from justice. Before LYNCH, J.

It appears from the record that James Riley died December 2, 1895. On February 8, 1896, Bridget Riley, his wife, brought suit in her own name against defendant company to recover on a policy of insurance issued to James Riley, payable to the executors, administrators or assigns of James Riley, and recovered judgment before the justice, from which defendant appealed, and the case came from that appeal on January 17, 1899, to the common pleas, before LYNCH, J., and the record was amended under exception of defendant for the introduction of Bridget Riley, administratrix as party plaintiff in place of Bridget Riley. The court directed a verdict for plaintiff.

Verdict and judgment for plaintiff for $261.50. Defendant appealed.

*Errors assigned* were (1) in allowing the names of the parties to be amended by substituting the name of Bridget Riley, administratrix of James Riley, deceased, for that of Bridget Riley. (2) In their refusal to affirm the defendant's first point, which was as follows : " 1. The plaintiff having failed to show the filing with defendant company proper proofs of death as required by the contract, the verdict must be for the defendant." (3) In their refusal to affirm the defendant's second point, which was as follows: " 2. The suit having been originally brought by one Bridget Riley in her individual capacity, and the record having been amended by adding a new party as plaintiff more than six months after the death of the insured, under the policy which provides that suit must be brought within six months after death of the insured, the plaintiff cannot recover." (4) In their refusal to affirm the defendant's third point, which was as follows : " 3. Under all the evidence the verdict must be for the defendant."

*E. F. McGovern*, for appellant.—The clause in an insurance policy limiting the time within which an action may be com-

menced after the death of the insured has been held to have the same force and effect as the statute of limitations between the parties: Brady v. Prudential Ins. Co., 168 Pa. 645; Grier v. Assurance Co., 183 Pa. 334.

The real question is, can such an amendment be granted after the right of action is barred by the conditions of the policy: Trego v. Lewis, 58 Pa. 463; Kaul v. Lawrence, 73 Pa. 410.

To permit a recovery under such circumstances would be to deprive the defendant of a valuable right already vested which will not be permitted: Kille v. Ege, 82 Pa. 102.

It was too late for the administratrix to commence and maintain an action based on the policy of insurance. The right of the defendant to interpose the plea that the suit or action was not commenced within the limitation agreed upon in the policy was to them a valuable right.

The amendment could not deprive the defendant of that right: Furst v. Building and Loan Association, 128 Pa. 183; Grier v. Ins. Co., 183 Pa. 334.

A condition in a policy of insurance that there shall be no waiver of its terms by an agent, is valid, and it was, therefore, error to refuse our first point and to instruct the jury to find for the plaintiff. But assuming the admissibility of evidence of a parol waiver in such cases, the evidence in this case was insufficient for the purpose: Warner v. Ins. Co., 37 Leg. Int. 475; Waynesboro M. F. Ins. Co. v. Conover, 98 Pa. 384; Universal Ins. Co. v. Weiss, 106 Pa. 20; Flynn v. Ins. Co., 4 Pa. Superior Ct. 137.

*T. R. Martin,* for appellee.—In the case of Adams v. Edwards, 115 Pa. 211, Mr. Justice PAXSON said: "It was a mistake to commence this suit in the name of the attorney in fact, but it was a technical mistake amendable below, and here if necessary."

A declaration in a suit against sureties on a sheriff's bond may be amended, notwithstanding five years have elapsed from the date of the bond: Beeson v. Com., 13 S. & R. 249.

In the case of Smith v. Bellows, 77 Pa. 441, the plaintiff in the above case declared in assumpsit for money had and received and in the other common counts. He was nonsuited. Subsequently the nonsuit was taken off, and the plaintiff permitted to declare in tort for the deceit. Held, the cause of action being

.the same the amendment was proper. The cause of action accrued more than six years before the amendment, but not before the bringing of the suit. Held, the cause of action being the same, the statute of limitation was not a bar. See also Clement v. Com., 95 Pa. 107.

I will admit that if the suit in this case had been originally brought in the name of some party or other foreign to the deceased, having no interest in his estate, then of course the amendment could not properly and lawfully have been allowed. This is illustrated by the reasoning of Mr. Justice SHARSWOOD, in the case of Com. v. Dillon, 81* Pa. 41.

The same reasons assigned by Justice SHARSWOOD in the case of Com. v. Dillon, 81 * Pa. 41, are applicable to the case of Furst v. Building Association, 128 Pa. 183, on which defendant relies.

A plaintiff suing as heir at law may amend so as to sue as executor : Hines v. Rutherford, 67 Georgia, 606.

OPINION BY BEAVER, J., February 16, 1900:

. The defendant issued a policy upon the life of James Riley, in and by which it stipulated to pay " unto the executors, administrators or assigns of the person named as the insured in this policy, unless settlement shall be made under the provisions of article 2 hereinafter contained, the sum of money, as provided in the schedule herein contained within twenty-four hours after acceptance at its said office of satisfactory proof of the death of the insured during the continuance of this policy which is issued and accepted subject to the following restrictions, conditions and agreements and to the concession printed on the back hereof, which is hereby made part of this contract." Two of the restrictions or conditions following are :

" 9. That no suit or action at law or in equity shall be maintainable with respect to the payment of this policy, until after the filing in the principal office of the company of the above mentioned proof of death, nor unless such suit or action shall be commenced within six months next after the decease of the person insured under this policy; and it is expressly agreed that, should any such suit or action be commenced after the expiration of said six months, the lapse of time shall be deemed as conclusive evidence against the validity of such claims, any statute of limitations to the contrary notwithstanding.

" 10. Agents are not authorized to make, alter, or discharge contracts or waive forfeitures or receive premiums on policies in arrears beyond the time allowed by the regulations of the company, which in no case shall exceed four weeks."

Within an hour after the death of the decedent, which occurred on December 2, 1895, his widow, Bridget Riley, delivered to one Duffy, who she alleges " was the assistant superintendent at the time," the premium receipt book and the policy upon which the suit is founded. She brought suit in her own name before an alderman February 8, 1896, from whose judgment in her favor an appeal was taken by the defendant to the court of common pleas. The case was called for trial January 17, 1899, more than three years after the death of the decedent. Before the jury was sworn, upon motion of the plaintiff, " The name of Bridget Riley, administratrix of James Riley, deceased, was, on motion of plaintiff, substituted for that of Bridget Riley as plaintiff." To the action of the court in allowing this amendment the defendant excepted and assigns the amendment as error, and the several assignments which relate thereto are relied upon as the principal ground upon which a reversal is asked.

It is very clear that, under the terms of the policy, Bridget Riley, the original plaintiff, had no right to recover, and this is practically conceded by her counsel. It is alleged, however, that Bridget Riley, being the widow of the decedent, is the principal beneficiary of his estate, and that the administrator is her representative, and that the amendment is purely technical and, whether a recovery be had in the name of the widow as such, or as administrator, makes no practical difference to the plaintiff. From the standpoint of the plaintiff this may or may not be true. We have no evidence upon the subject. The condition of James Riley's estate is not shown and whether the money, if recovered in this action, would go to creditors or parties beneficially interested as heirs does not appear and, in our view of the case, is immaterial. It is true that the courts are disposed to be liberal in the allowance of amendments either as to parties or pleadings, but this is never done when the opposite party is thereby deprived of any substantial right. In Furst v. Building Association, 128 Pa. 183, the present chief justice of the Supreme Court, in delivering its opinion, said: " It is nec-

essary to say that the suit was originally brought in the name of the Mutual Saving, Loan & Building Association alone. That corporation was the holder of the mortgage against Furst & Sons. As that company, however, was in no sense a party to the contract in suit, which was made only between J. S. Furst individually and the defendant corporation, it was soon perceived there could be no recovery in an action brought in its name. This being so, the counsel for the plaintiff, on March 8, 1887, applied for an amendment by which the name of John S. Furst, for the use of the Mutual Saving, Loan & Building Association was substituted as plaintiff for the name of the association alone. This amendment was allowed by the court below but only after objection and exception by the defendant. It is difficult to see how this amendment could have helped the plaintiff's case, as the statute was a complete bar at the time it was made, and it is perfectly well settled that amendments will not be allowed, when they deprive the opposite party of any rights: Kaul v. Lawrence, 73 Pa. 410; Trego v. Lewis, 58 Pa. 463; Kille v. Ege, 82 Pa. 102." At the time of the amendment in the present case the administrator of James Riley would have had no right under the conditions of the policy relating to the time of bringing suit recited above to maintain an action against the defendant, the time within which such an action could be brought having passed more than two years. Bridget Riley, as appears by the evidence, acquired her right to maintain the suit as administratrix on the day upon which the amendment was allowed. The amendment offered was to introduce an entirely new party as plaintiff, as much so as if letters of administration had been granted to John Doe and the offer had been to substitute him as administrator in place of Bridget Riley. The allowance of the amendment introduced as a party to the suit one who had no right to recover under the terms of the policy. Can it be contended for a moment that this amendment, under the effect given thereto in the court below, did not deprive the opposite party of his right to interpose the restriction or limitation as to the time of bringing suit mentioned in the policy? Surely not. Whether the mere allowance of the amendment was proper or improper is not a material question. The real question is, did the amendment give the new party who was introduced upon the record the right to claim

from the defendant the amount of the insurance stipulated to be paid in its policy as of the date when the suit commenced? In view of the undoubted and uniform current of authority upon this subject, we are compelled to say no. This right could not extend in point of time beyond the date when the amendment was made. The plaintiff then had no right under the terms of the policy to recover, and the first, third and fourth assignments of error must be sustained.

This, of course, disposes of the case. It may be remarked, however, that the second assignment of error might also very properly be sustained. There was no sufficient evidence of the representative character of Duffy which should have allowed the question of his authority to waive any of the terms of the policy to be submitted to the jury. It is true that the plaintiff calls him "assistant superintendent" but there is no evidence beyond her mere assertion that he sustained such a relation to the company, and no evidence whatever that he had any authority to waive the requirement of the policy as to the furnishing of the proofs of loss to the principal office. It follows, from what has been said, that no recovery should have been allowed in the court below.

Judgment reversed.