## Sener *v.* McCormick.

*Practice—Amendments—Change of cause of action.*

While the courts are disposed to be liberal in the allowance of amendments either as to parties or to pleadings, this is never done when the opposite party is thereby deprived of any substantial right. A new cause of action cannot be introduced or new parties brought in, or a new subject-matter presented, or a fatal and material defect in the pleadings be corrected after the statute of limitations has become a bar.

In an action by one of two accommodation indorsers against the other on a check which was admitted to be the proceeds of the note indorsed, which at the time the suit was brought was barred by the statute, the plaintiff will not be permitted to amend his statement by introducing as the cause of action a note given as the second renewal of that of which the check declared upon was the proceeds, although the plaintiff may have paid the last renewal note.

Argued Oct. 22, 1900. Appeal, No. 187, Oct. T., 1899, by plaintiff, from order of C. P. Clearfield Co., Dec T., 1894, No. 246, making absolute rules to rescind amendment and to enter nonsuit in case of W. Z. Sener v. C. S. McCormick. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on two checks. Before GORDON, P. J.

Rule to rescind allowance of amendment and rule for compulsory nonsuit.

At the trial on September 12, 1898, plaintiff moved to amend the statement. Upon this motion being allowed the defendant pleaded surprise and a juror was withdrawn and the case continued; thereupon the defendant obtained the two rules above mentioned. From the record it appeared that on January 22, 1889, J. H. Bierly made his promissory note to the order of W. Z. Sener and C. S. McCormick, payable four months after date at the Ephrata Bank, for $800, which note was indorsed by the payees and discounted by W. Z. Sener & Company, through Joseph Cooper, a partner therein. The note was delivered to Cooper, who gave therefor to McCormick the firm's check for $783.46. The note was subsequently, before maturity, discounted by the Ephrata Bank for W. Z. Sener & Company.

At its maturity, May 25, 1889, the note was renewed for

the bank by new note of that date, similarly drawn and indorsed and for like amount, which second note, at its maturity September 28, 1889, was again renewed by the same maker and indorsers at three months, for $800, payable at the Ephrata Bank. Default was made in the payment of this third note and at its maturity, December 31, 1889, it was duly protested for nonpayment, and subsequently, upon the same day, it was paid by W. Z. Sener, one of the indorsers, and by him lifted from the bank.

The debt for which the original and renewal notes were given was that of J. H. Bierly, the maker. Sener and McCormick were accommodation indorsers thereon. The original note was discounted by W. Z. Sener & Company, and by them subsequently discounted by and transferred to the Ephrata Bank. The pending suit was brought by Sener against McCormick on October 15, 1894.

The suit was brought upon the check given to defendant. The amendment allowed was to substitute as the cause of action the second renewal note paid by plaintiff. The court in an opinion by GORDON, J., made absolute the two rules.

*Error assigned* was the orders of the court.

*David J. Krebs,* with him *W. A. Hagerty* and *William Patterson,* for appellant.—The renewal of a bill or note is not, in general, a payment: Lee v. Hollister, 5 Fed. Repr. 752.

It is a question for the jury to find whether the renewals were accepted as payment of the original note, and unless so found they are mere renewals.

If one indebted to another gives a note to the same person for the same sum, without any new consideration, the second note will not be satisfaction of the first, unless so intended and accepted by the creditor, and the intention is for the jury: Brown v. Scott, 51 Pa. 357; Hart v. Boller, 15 S. & R. 162; Gault v. McGrath, 32 Pa. 392; Hartley v. Kirlin, 45 Pa. 49–57.

*J. B. McEnally,* with him *D. W. McCurdy,* for appellee.—A new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a fatal and material defect in the pleadings be corrected, after the statute

of limitations has become a bar: Shock v. McChesney, 4 Yeates, 507; Smith v. Smith, 45 Pa. 403; Wood v. Anderson, 25 Pa. 407; Wright v. Hart, 44 Pa. 454; Tyrill v. Lamb, 96 Pa. 464; First Nat. Bank of Tamaqua v. Shoemaker, 117 Pa. 94; Leeds v. Lockwood, 84 Pa. 70; Coxe v. Tilghman, 1 Wharton, 282; Knapp v. Hartung, 73 Pa. 294; Erie City Iron Works v. Barber, 118 Pa. 6; Wilhelm's App., 79 Pa. 120; Fairchild v. Dunbar Furnace Co., 128 Pa. 485; Grier Bros. v. Northern Assurance Co., 183 Pa. 334.

OPINION BY BEAVER, J., January 22, 1901:

It is not seriously contended, as we understand it, that the plaintiff was entitled to recover, under the statement originally filed, in which he sought to recover upon two checks: the first payable to the order of Bensinger, which showed no liability on the part of the defendant, which seems to have disappeared from the case entirely in the trial, and the second, although payable to the order of the defendant, was admitted by the statement to be the proceeds of a note upon which the plaintiff and defendant were joint indorsers, the note itself, as plaintiff expressly admitted upon cross-examination, being still owned by the bank which had discounted it. The plaintiff, therefore, sought to amend his statement by introducing as the cause of action a note given as the second renewal of that of which the check declared upon was the proceeds, and this upon the ground that the plaintiff had paid, as he alleged, the last renewal to the bank. How he could have done so, while the bank still owned the first note, presents a difficulty we are not called upon to discuss.

Was the amendment allowable? The plaintiff, being a joint indorser with the defendant, if he paid the note, would have been entitled only to contribution for the one half thereof, even if the note alleged to have been paid by him had not been barred by the statute of limitations: Reber's Est., 15 Pa. Superior Ct. 122. The amendment would have introduced not only a new cause of action but a new ground of action. We have lately discussed the general principle of amendments in Riley v. Prudential Insurance Co., 12 Pa. Superior Ct. 561, in which it is stated as a general principle: "It is true that the courts are disposed to be liberal in the allowance of amendments either as

to parties or pleadings, but this is never done when the opposite party is thereby deprived of any substantial right." It is clear that an amendment allowing the plaintiff to introduce, as his cause of action, the note dated September 28, 1889, maturing December 31, 1889, would have prevented the defendant from pleading the bar of the statute of limitations. In Grier Bros. v. Northern Assurance Co., 183 Pa. 334, it is said: "The doctrine that a new cause of action cannot be introduced or new parties brought in, or a new subject-matter presented, or a fatal and material defect in the pleadings be corrected, after the statute of limitations has become a bar, is so familiar to the profession and has been declared by this court and by the courts of last resort of many other states of the Union so frequently that an extended review of the authorities is quite unnecessary."

Upon a careful consideration of the whole case, we can see no error in the action of the court below, declining to allow the amendment offered by the plaintiff and entering a compulsory nonsuit.

Judgment affirmed.