# Royse *versus* May.

1. The right of amendment may be liberally allowed, but not to such an extent as to substantially change the cause of action.

2. In trespass *vi et armis* against a constable for an excessive distress, the declaration averred that the plaintiff held the premises as the tenant of B., that a certain amount of rent was due, and that the distress made was excessive. The court allowed the plaintiff to amend so as to change the averments which admitted the tenancy. *Held*, that this was a substantial change of the cause of action and should not have been allowed.

3. Where in such a case the *narr.* does not declare, under the Act of May 10th 1871, allowing double damages for distress where no rent is due, there can be no recovery under its provisions.

4. When assignments of error merely state the names of witnesses, whose testimony was received or rejected without specifying the particular evidence as required by the rules of this court, they will be disregarded by the Supreme Court.

March 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Bradford county :* Of January Term 1878, No. 301.

Trespass *vi et armis* by William May against L. T. Royse.

B. C. Barnes, in June 1875, was the owner of a farm situate in Bradford county, Pa., which some time previous he had rented to William May ; and on the 29th day of June May was owing him, as he alleged, $200 for rent. Barnes, on the 29th day of June 1875, issued a landlord's warrant, directed to L. T. Royse, a constable, instructing him to collect the above rent. Royse, on the 1st of June, made a levy on the personal property of May, and the latter waived an appraisement of the same. This property was left upon the premises of May, until the time of the sale, July 26th 1875, he consenting and agreeing to the arrangement, and on the 26th of July 1875, property enough was sold to pay the debt distrained for and costs. On August 24th 1875, May commenced this action of trespass *vi et armis* against Royse, the constable. The first and second counts of the declaration averred that May occupied certain premises as tenant of one Barnes, under a certain rent, of which rent two hundred dollars were in arrears, and that the defendant acting for Barnes, not regarding the statute in such case made and provided, but wrongfully and maliciously contriving and intending to injure and oppress the said plaintiff, had wrongfully taken and distrained goods (therein enumerated) to the value of $2000, &c. The third count was in trover.

The case was arbitrated, and an award found in favor of the plaintiff as against Royse, and from this decision Royse appealed. In December 1875, upon motion of plaintiff, the court granted rule to show cause why the declaration filed in the case should not be amended. The plaintiff asked leave to amend the declaration by striking out the parts of the same which admitted the relation

[Royse *v.* May.]

of landlord and tenant, between Barnes and May, and also the part admitting $200 rent to be due from May to Barnes at the time of distress. The court, after hearing argument, refused to allow the amendment.

At the trial, May testified that he was in possession of the premises as owner and not as the tenant of Barnes, and on his own behalf he again moved to amend the pleadings, so as to conform to the evidence already given in the case, by changing the declaration, so far as the averments therein admitted a tenancy between plaintiff and B. C. Barnes, and that there was an amount of rent due and so charging it that it was the allegation of the landlord and not the admission of the defendant.

The court granted leave to so amend.

It appeared from the defendant's testimony that he had gone on the premises by virtue of a landlord's warrant authorizing him to collect $200 rent, and that May had waived an appraisement. Barnes testified that he leased the premises to May under a parol agreement; that the rent was equivalent to about $500 a year; that he had directed the landlord's warrant to issue.

It also appeared that the constable was in possession of the farm, stock and household goods for twenty-six days under the levy ; that May was in constant use of them, and at the sale enough property was sold to pay the debt, interest and costs, with a small surplus, which was returned to May.

In the general charge, the court, Morrow, P. J., inter alia, said :

" If you find that May was a tenant of Barnes, and, at the time the landlord's warrant was issued, he was in arrear for rent in the sum of $200, and you find that Royse, in making the distress and sale, did all that the act requires, except the appraisement, which was waived, your verdict should be for the defendant. The warrant was no protection to the constable unless rent was reserved in the agreement between May and B. C. Barnes. The burden is on the defendant to show that the relation of landlord and tenant existed between them, and the defendant, as bailiff of the landlord, must show that he did all things required by the Act of Assembly. [The court here read to the jury sect. 1 of the Act of March 21st 1872, Purd. Dig. 878, and after calling the attention of the jury to everything which the act required to be done, said :] The burden is upon the defendant to show that he did everything the act requires. The evidence shows that May waived the appraisement, and the constable's return shows that he gave May notice, personally, of what he had done, but there is no evidence going to show that he gave him a notice containing an itemized statement of the articles.

" If you find that the relation of landlord and tenant did exist, and that $200 was not due and in arrears. or the defendant, as bailiff of the landlord, failed to make the distress as required by

[Royse *v.* May.]

law, he is liable to the plaintiff for double the value of the goods distrained and sold. If you find for the plaintiff, assess the damages as of the date of the sale, to which you may add interest to this date."

The verdict was for plaintiff for $338, and after judgment the defendant took this writ, and alleged, inter alia, that the court erred in permitting the amendment, in admitting the evidence given by plaintiff denying his tenancy, and the charge of the court as above noted.

The third and fourth specifications of error were assigned as follows :

3d. The court erred in allowing plaintiff to cross-examine B. C. Barnes as to immaterial matters for the purpose of contradicting him.

4th. The court erred in admitting the testimony of J. E. Spalding, William May, B. H. Montgomery, Paul Bates, John Shuck, Smith Tuttle, Hiram Taylor and D. H. Vaughn.

*De Witt & Hall,* for plaintiff in error.—The first two counts admitted in the original *narr.* that plaintiff was the tenant of one Barnes, and that there was rent due and unpaid to the amount of $200. The simple statement shows that the amendment cannot be allowed. It is clearly a new cause of action : Winder *v.* Northampton Bank, 2 Barr 446 ; Steffy *v.* Carpenter, 1 Wright 41 ; Penna. Railroad Co. *v.* Zug, 11 Id. 484. The amendment allowed by the court after the trial was nearly concluded is virtually the same as the one refused by the court before the trial. The amendment was not made under the Act of 10th of May 1871, because plaintiff did not pay, nor offer to pay, the costs as required by that act.

*Patrick & Foyle,* for defendant in error.—What may be alleged in one count will not preclude or prevent the plaintiff from giving evidence and proving his case under another count in his declaration. The plaintiff in the case could have given all his evidence and recovered under the third count in trover without any other counts at all, and without any amendment whatever of the declaration. We contend, however, that the first and second counts were amendable.

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

The first assignment of error is to permitting the amendment of the declaration after the plaintiff below had closed his evidence. The amendment was not made under the Act of 10th May 1871, which, on the conditions therein prescribed, permits a change in the form of action. Apart from that act, which has no application

[Royse v. May.]

to the present case, the right of amendment may be liberally allowed; but not to such an extent as to substantially change the cause of action: Steffy v. Carpenter, 1 Wright 41; Trego v. Lewis, 8 P. F. Smith 463. If the amendment was allowable it is not error merely because it was permitted on the trial. Some other fact must be shown to make it improper.

This action was trespass. It was against a person who had acted as bailiff in distraining and selling goods under a claim of rent' due and in arrear. The declaration contained three counts. The first and second each averred that the defendant in error held and occupied the premises as tenant of one B. C. Barnes, and that a certain sum specified was due and in arrears for the rent thereof, and charged that the distress made was excessive. The third count was in trover. It had been tried before arbitrators, who awarded against the plaintiff in error, and from which award he had appealed.

The amendment allowed was to change and contradict the averments in the declaration which expressly admitted the tenancy and the specific sum due and in arrear for rent, and to aver that such was the allegation of Barnes only, and not the admission of the defendant in error. The substantial cause of action under the original declaration was an excessive distress while the defendant in error was the tenant of Barnes, and while a sum specified was due and in arrear for rent. Every part of this was changed by the amendment. It substantially averred that he was not the tenant of Barnes; that he did not owe him any rent; that it was not a case of excessive distress, but one in which no right of distress, for any sum, existed. This was a·substantial change of the cause of action, and ought not to have been allowed. The first assignment is sustained.

In view of the manner the case was submitted to the jury, we see no error in the second and sixth assignments. The third and fourth assignments are not according to the rules, and must be disregarded.

In that portion of the charge covered by the fifth assignment the learned judge charged substantially that, unless the plaintiff in error proved the tenancy and certain rent reserved and in arrear, their verdict must be "for double the value of the property sold." The second count in the declaration did not conclude against the form of the statute, nor was there any claim therein for double damages. It was not, therefore, under the statute giving double damages. Hence, it follows under the pleadings, it was error to fix the measure of damages at double the value of the property: Reese v. Emrick, 6 S. & R. 286. This assignment is, therefore, sustained.

Judgment reversed, and a *venire facias de novo* awarded.