# Peterson *v.* Pennsylvania Railroad Company.

*Arbitration—Appeals—Costs.*

Where a proceeding under the compulsory arbitration law has resulted in an award in favor of the plaintiff against one defendant, and the finding of no cause of action as to the other two, and the defendant against whom the award is found, appeals and pays all the costs; and the plaintiff subsequently appeals from the award of no cause of action as to the other two defendants, but pays no costs, although the defendant's bill of costs has been filed, the court commits no error in striking this appeal from the record.

*Negligence—Pleading— Amendment to statement.*

Where the statement in a negligence case against a railroad company shows that the accident was caused by the act of a fellow-servant, the plaintiff will not be permitted more than three years after the accident, after the case has been referred to arbitrators and the railroad company has appealed from their award; and after all the plaintiff's testimony is in, in a trial before a jury, to amend his statement so as to aver that the accident was caused by the fact that the railroad company had not provided proper signals and had not placed a sufficient number of men on the train which caused the accident to control it.

*Negligence—Switching train—Runaway cars.*

Plaintiff was employed in the repair yard of a raiload company as a carpenter and car repairer. At the time of the accident, he was engaged in making repairs to a car standing on one of the repair yard tracks of which there were several. At the time of the accident, an engine in charge of other employees of the raiload company was engaged in pushing some empty cars in on the track on which the plaintiff was working. These cars were pushed against two other empty cars standing on the track and the train continued on toward the place where the defendant was at work. The train was stopped at a safe distance from plaintiff, but the two detached cars continued along the tracks, struck the car on which plaintiff was working and injured him. ·*Held*, that a nonsuit was properly entered.

Argued March 13, 1900. Appeal, No. 300, Jan. T., 1900, by plaintiff, from order of C. P. Clinton Co., Sept. T., 1896, No. 127, dismissing appeal from award of arbitrators and refusing to take off nonsuit, in case of Erick L. Peterson *v.* Pennsylvania Railroad Company and William Couvert and E. K. Bauer. Before McCollum, Mitchell, Dean, Fell and Brown, JJ. Affirmed.

Trespass for personal injuries.

From the record it appeared that after the case had been placed at issue the defendants obtained a rule of reference which resulted in an award of $1,650 against the Pennsylvania Railroad Company and a finding of no cause of action as to the other two defendants, Couvert and Bauer. It appeared that Couvert was a locomotive engineer, and Bauer was one of a crew engaged in shifting cars in a yard where plaintiff was engaged as a carpenter in repairing a car. The averments of the statement were in effect that the accident was caused by the negligence of Couvert and Bauer and other employees of the railroad company.

The Pennsylvania Railroad Company appealed from the award of arbitrators paying all the costs including the defendant's costs. Instructions were given to the prothonotary that such payment was not intended to relieve plaintiff from payment of costs if he should appeal from the award. Subsequently plaintiff appealed from the award, but refused to pay defendant's bill of costs. A rule was afterwards taken to strike off the plaintiff's appeal as to Couvert and Bauer, and on November 18, 1898, this rule was made absolute.

The case came on for trial, and resulted in a nonsuit. Before the motion made for nonsuit, plaintiff asked leave to file an amendment to his statement setting forth that the cause of the accident was the fact that the railroad company had not provided proper signals to give notice that cars were about to be run in the yard and had not placed a sufficient number of men on the train which caused the accident to maintain and control it. The court refused to allow the amendment and subsequently overruled a motion to take off the compulsory nonsuit.

*Errors assigned* were (1) in striking off the appeal as to Couvert and Bauer; (2) in refusing amendment; (3) in refusing to take off nonsuit.

*C. S. McCormick*, of *Richmond & McCormick*, for appellant, cited as to striking off the appeal: Hartman v. Stahl, 2 P. & W. 229.

As to the offer to amend: Cassell v. Cooke, 8 S. & R. 268; Knapp v. Hartung, 73 Pa. 290; Rodrigue v. Curcier, 15 S. & R. 81; Root v. O'Neil, 24 Pa. 326; Erie City Iron Works v. Bar-

ber, 12 Atl. Repr. 413; Pittsburg Junction R. R. Co. v. Mc-
Cutcheon, 7 Atl. Repr. 147.

*T. C. Hipple,* for appellees was not heard, but cited as to
amendment: Knapp v. Hartung, 73 Pa. 290; Erie City Iron
Works v. Barber, 102 Pa. 162; Root v. O'Neil, 24 Pa. 326;
Pittston Coal Co. v. McNulty, 120 Pa. 414; Mixter v. Imperial
Coal Co., 152 Pa. 396; Tryon v. Miller, 1 Wharton, 11; Reit-
zel v. Franklin, 5 W. & S. 35; Getty v. Shearer, 20 Pa. 14.

As to striking off the appeal: Glessner v. Patterson, 6 York
Legal Record, 17; Bradley v. Eccles, 1 Browne, 258; Thompson
v. White, 4 S. & R. 135: Yerger v. Griffith, 1 Chester County
Repr. 260; Dall v. Norris, 2 Pa. C. C. R. 666; Myers v. Brown,
38 Leg. Int. 72; Walker v. Graham, 74 Pa. 35; Lagen v. Cad-
well, 34 Leg. Int. 331; Carr v. McGovern, 66 Pa. 457; Mono-
han v. Lloyd, 2 Kulp, 140; Ellison v. Buckley, 42 Pa. 281.

As to entering the nonsuit: Coal Co. v. Jones, 86 Pa. 432;
Durken v. Kingston Coal Co., 171 Pa. 193; New York, &c.,
R. R. Co. v. Bell, 112 Pa. 400.

PER CURIAM, April 30, 1900:

A careful consideration of the testimony and of the rulings
complained of in the specifications has convinced us that no
error was committed by the learned court below on the trial or
in the dismissal of the plaintiff's appeal as to Couvert and Bauer
six months prior thereto. The issue, after this dismissal, was
between Peterson and the Railroad Company. On the trial of
the case and at the close of the plaintiff's testimony the defend-
ant's counsel moved for a compulsory nonsuit which after argu-
ment was awarded. Before the nonsuit was entered the plain-
tiff moved the court to amend his statement, which motion was
denied, on the ground that the proposed amendment would
introduce a new cause of action. While we are all of the opin-
ion that the refusal of the amendment was proper, we may add
that an allowance of it could have been unavailing because the
testimony on the part of the plaintiff was not sufficient to es-
tablish a case against the defendant. The refusal to take off
the nonsuit is therefore sustained and all the specifications are
dismissed.

Judgment affirmed.