# Chroust, Appellant, *v.* Acme Building and Loan Association.

*Negligence—Streets—Public street—Obstruction—Evidence.*

In an action to recover damages for injuries sustained by a fall on land adjoining a house, no recovery can be had where the evidence fails to show that the place where the accident occurred was a public street.

*Negligence—Streets—Obstruction of sidewalk—Landlord and tenant.*

An owner out of possession of premises which are in the actual occupation of a tenant cannot be held liable for injuries sustained from a fall over an obstruction on the sidewalk, if there is no proof of an obligation to repair and notice of the necessity to do so.

Argued Jan. 17, 1906. Appeal, No. 236, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1901, No. 2,293, on verdict for defendant in case of Frank J. Chroust v. Acme Building and Loan Association. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries sustained by a fall over an obstruction on what was alleged to be a sidewalk of a public street. Before WILLSON, P. J.

At the trial it appeared that plaintiff fell over a water drain pipe on land adjoining a house owned by the defendant.

*Error assigned* was in giving binding instructions for defendant.

*Jere J. Crowley,* with him *Thomas W. Barlow* and *Charles C. Lister,* for appellant, cited : Paul v. Carver, 26 Pa. 223 ; Patterson v. Harlan, 124 Pa. 67 ; Cox v. Freedley, 33 Pa. 127 ; Briegel v. Philadelphia, 135 Pa. 451 ; Mintzer v. Hogg, 192 Pa. 137 ; Lohr v. Philipsburg Borough, 156 Pa. 246 ; Duncan v. Philadelphia, 173 Pa. 550 ; Dutton v. Lansdowne Borough, 198 Pa. 563 ; Falls v. Reis, 74 Pa. 439 ; Trutt v. Spotts, 87 Pa. 339 ; Transue v. Sell, 105 Pa. 604 ; In re Pearl Street, 111 Pa. 565 ; Dobson v. Hohenadel, 148 Pa. 367 ; Firmstone v.

Spaeter, 150 Pa. 616 ; Bliem v. Daubenspreck, 169 Pa. 282 ; Fitzell v. Phila., 211 Pa. 1.

*Ira J. Williams*, with him *A. J. Wilkinson* and *Alex. Simpson, Jr.*, and *Francis Shunk Brown*, for appellee.

PER CURIAM, February 26, 1906 :

The learned judge at the trial directed a verdict for defendant on several grounds, among which were, first, that there was no sufficient evidence that Retta street, the place of the accident, was a public street, and, therefore, no evidence to show any duty of the defendant to the plaintiff in regard to the obstruction over which he fell. And, secondly, that even conceding defendant's title to the center of the street there was no evidence that the obstruction existed at the time defendant leased the premises to Kauffman. Even if the obstruction was one which the owner in any event was bound to remove, an owner out of possession of premises which are in the actual occupation of a tenant cannot be held liable without proof of an obligation to repair and notice of the necessity of doing so : Lindstrom v. Penna. Co., 212 Pa. 391. There was no such evidence in this case.

Judgment affirmed.