Lane, Appellant, v. Sayre Water Company.

220    599|
p220    603|

*Practice, C. P.—Amendment—Trespass—Malicious seizure of goods—
Abuse of civil process—Statement of claim.*

A statement of claim in an action of trespass averring a malicious
seizure of goods by unlawful process cannot be amended after the
expiration of six years from the time the cause of action accrued, so
as to aver an abuse of civil process by an excessive seizure of goods.

A new cause of action cannot be introduced, or new parties brought
in, or a new subject-matter presented, or a fatal and material defect
in the pleadings be corrected after the statute of limitations has become
a bar.

Argued March 18, 1908. Appeal, No. 58, Jan. T., 1908, by
plaintiff, from order of C. P. Bradford Co., Dec. T., 1902,
No. 437, refusing to take off nonsuit in case of Ella M. Lane
v. Sayre Water Company. Before MITCHELL, C. J., BROWN,
MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass for malicious seizure of goods by unlawful process.
Before FANNING, P. J.

From the record it appeared that on February 5, 1906, the
court granted a rule upon the defendant to show cause why an
amended statement of claim should not be filed. The court
discharged this rule, FANNING, P. J., filing an opinion which
was in part as follows :

The alleged cause of action arose December 10, 1896. Suit
was not brought until nearly six years thereafter. The state-
ment filed averred in substance that defendant, without any
right, and without any claim of any character whatever against
the plaintiff, unlawfully, wrongfully, maliciously and injuri-
ously, by means of a certain writ of attachment process, directed
F. H. Sherman, constable, to attach and take possession of
the property in the Athens knitting mill, consisting of ma-
chinery, goods, etc., in said statement particularly itemized.
That pursuant thereto said constable did unlawfully attach,
seize and take into his possession and unlawfully keep and de-
tain the property so attached from December 10, 1896, until

February 26, 1898, thereby depriving the plaintiff of the use and control of the same during that period, and that as a consequence of said unlawful attachment and unlawful seizure her financial credit was ruined and destroyed, and said property when released was rusted, corroded, worthless and her goods spoiled, by reason of which and costs and counsel fees she sustained damages to the amount of $5,000. This statement in brief avers a malicious seizure of plaintiff's property by unlawful process.

She now prays after a lapse of nine years to file an amended statement, setting out as a cause of action (1) a malicious, excessive seizure and attachment of the same property, being of great value, to satisfy an alleged indebtedness of $24.21 ; and (2) abuse of lawful process. The grievances now complained of were not embraced in the original statement. As was said by the Supreme Court in Lane v. Sayre Land Company, 211 Pa. 290, " The plaintiff's statement avers no malicious, excessive seizure of goods, which of itself is a good cause of action." It has been frequently decided that amendments introducing a new cause of action will not be permitted, especially where the statute of limitations has run in favor of the defendant.

I am of the opinion that the proposed amendment introduces new and distant causes of action, and therefore cannot be allowed.

And now, to wit : January 8, 1907, the rule heretofore granted is hereby discharged.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the refusal of the court to take off compulsory nonsuit.

*Wm. Maxwell* and *H. W. Amerling,* for appellant.—The amendment should have been allowed : Clymer v. Thomas, 7 S. & R. 178 ; Beeson v. Com., 13 S. & R. 249 ; Rodrigue v. Cucier, 15 S. & R. 81 ; Tassey v. Church, 4 W. & S. 141 ; Trego v. Lewis, 58 Pa. 463 ; Knapp v. Hartung, 73 Pa. 290 ; Smith v. Bellows, 77 Pa. 441 ; Com. v. Press Co., 156 Pa. 516 ; Yocum v. Zahner, 162 Pa. 468 ; Booth v. Dorsey, 202 Pa.

381 ; Herbstritt v. Lumber Co., 212 Pa. 495 ; Wilkinson v. North
East Boro., 215 Pa. 486 ; Stewart v. Kelly, 16 Pa. 160 ; Mc-
Adam v. Orr, 4 W. & S. 550 ; Wilhelm's Appeal, 79 Pa. 120 ;
Jackson v. Gunton, 26 Pa. Superior Ct. 203 ; City of Phila-
delphia to use of Achuff v. Christman, 6 Pa. Superior Ct. 29 ;
Adam v. Moll, 6 Pa. Superior Ct. 380 ; Fredericks v. Penna.
Canal Co., 148 Pa. 317 ; Erie City Iron Works v. Barber, 118
Pa. 6 ; Cabarga v. Seeger, 17 Pa. 514 ; Stoner v. Erisman, 206
Pa. 600 ; Schmelzer v. Chester Traction Co., 218 Pa. 29.

*Rodney A. Mercur*, for appellee.—The act of March 21, 1806,
does not extend so far as to authorize the court to permit a
declaration to be withdrawn and one for a different cause of
action to be substituted : Ebersoll v. Krug, 5 Binney, 51 ; New-
lin v. Palmer, 11 S. & R. 98 ; Diehl v. McGlue, 2 Rawle, 337 ;
Tyron v. Miller, 1 Wharton, 11 ; Root v. O'Neil, 24 Pa. 326 ;
Wilhelm's Appeal, 79 Pa. 120 ; Wolf v. Wolf, 158 Pa. 621 ;
Noonan v. Pardee, 200 Pa. 474 ; Thompson v. Chambers, 13
Pa. Superior Ct. 213 ; Royse v. May, 93 Pa. 454 ; Tyrrill v.
Lamb, 96 Pa. 464 ; Smith's Appeal, 108 Pa. 508 ; Murphy v.
Crawford, 114 Pa. 496 ; Wildermuth v. Long, 196 Pa. 541.

Nor may a new cause of action . . . . after the statute of
limitations has become a bar : Shock v. McChesney, 4 Yeates,
507 ; Smith v. Smith, 45 Pa. 403 ; Farmers', etc., Bank v. Is-
rael, 6 S. & R. 293 ; Bricker's Admr. v. Dull, 82 Pa. 328 ;
Wood v. Anderson, 25 Pa. 407 ; Wright v. Hart, 44 Pa. 454 ;
Stout v. Stout, 44 Pa. 457 ; First Nat. Bank v. Shoemaker,
117 Pa. 94 ; Fairchild v. Dunbar Furnace Co., 128 Pa. 485 ;
Tyrrill v. Lamb, 96 Pa. 464 ; Grier v. Assurance Co., 183 Pa.
334 ; Phila. v. Ry. Co., 203 Pa. 38 ; Stoner v. Erisman, 206
Pa. 600 ; Wolf v. Wolf, 158 Pa. 621 ; Noonan v. Pardee, 200
Pa. 474 ; Riley v. Ins. Co., 12 Pa. Superior Ct. 561 ; Sener v.
McCormick, 15 Pa. Superior Ct. 588.

OPINION BY MR. JUSTICE ELKIN, April 20, 1908 :

A brief recital of the facts will be helpful in the determina-
tion of the question raised on this appeal. Whatever cause
of action there may have been as the foundation of the pres-
ent suit arose in 1896. The original suit was brought Novem-
ber 17, 1902, almost six years after the right of action, if any,

accrued.   The case was tried in the court below and resulted in a compulsory nonsuit. An appeal was taken to this court, and upon consideration the ruling of the court below was affirmed March 20, 1905 : Lane v. Sayre Land Company, 211 Pa. 290. Ordinarily this would have been an end of the case because it was finally determined on that appeal that the plaintiff had failed to sustain the cause of action set out in the pleadings. The original declaration averred a malicious seizure of goods by unlawful process, but the record clearly showed that the process was both regular and lawful and we, therefore, held that the action could not be sustained.   In that case, however, it was suggested by this court that while the plaintiff had mistaken her remedy in the suit brought, an action for abuse of civil process by the excessive seizure of goods might have been instituted.   This suggestion was made, not for the purpose of indicating that the pleadings could then be amended by the substitution of a different cause of action, but that such a remedy might have prevailed in the first instance.   The learned counsel for appellant seized upon the suggestion made by this court by making in the court below after the record had been returned, a motion to file a new declaration, amending the old one, charging abuse of civil process by the excessive seizure of goods.   This motion was made February 5, 1906, nearly ten years after the right of action had accrued, and almost one year after this court had finally determined that the original suit could not prevail.   In Grier v. Northern Assurance Company, 183 Pa. 334, it was held that a new cause of action cannot be introduced, or new parties brought in, or new subject-matter be presented, or a fatal and material defect in the pleadings be corrected after the statute of limitations has become a bar.   That there was a fatal and material defect in the original pleadings was decided by this court when the case was here before, and we are not familiar with any authority that would permit an amendment which in effect introduces a new cause of action and cures a fatal and material defect in the pleadings after it is pointed out by this court on appeal and when the statute of limitations has become a bar.   There should be a finality to all litigation, and the judgment entered by this court when the case was before us three years ago was final on all questions raised by the original pleadings.   The

statute of limitations is a bar to a recovery on any new suit subsequently brought, or, what amounts to the same thing, an attempt to institute a new action by amending the original pleadings. This case comes within the spirit and reason of the rule in Peterson v. Ferry Company, 190 Pa. 364; Garman v. Glass, 197 Pa. 101; Wilkinson v. North East Borough, 215 Pa. 486; Mahoney v. Park Steel Company, 217 Pa. 20; La-Bar v. Railroad Company, 218 Pa. 261.

Judgment affirmed.