# Levick, Appellant, *v.* J. A. Patterson Company.

*Negligence—Coal hole in sidewalk—Landlord and tenant.*

In an action against an owner of real estate leased to a tenant, for injuries caused by the tilting of the lid of a coal hole in the sidewalk of the leased premises, the plaintiff cannot recover where no evidence is offered as to the cause of the tilting of the lid, and no evidence is produced to warrant a finding that the premises were not in a safe condition when possession was delivered to the tenant, or that the landlord thereafter exercised any control or supervision over the coal hole.

Argued Oct. 31, 1916. Appeal, No. 122, Oct. T., 1916, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1913, No. 3627, for defendant n. o. v. in case of Charles Tracey Levick, v. J. A. Patterson Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial it appeared that plaintiff was injured on January 7, 1913, by falling into a coal hole in the pavement in front of 202 Market street, Philadelphia. The evidence showed that the metal covering of the coal hole tilted as the plaintiff stepped upon it. The property in question was owned by defendant, but had been leased to one Louis Teplitz about one year prior to the accident. It was not shown that the defendant had any control over the property nor was it shown that the premises

were in an unsafe condition when Teplitz took possession
of them.   The jury returned a verdict for plaintiff for
$600.   Subsequently the court entered judgment for de-
fendant n. o. v.   FINLETTER, J., filing the following
opinion:

Plaintiff stepped on the lid of a coal hole on the side-
walk in front of premises owned by defendant.   The lid
turned, he fell into the hole and was seriously injured.
The lid was a solid circular iron plate, weighing forty
pounds, three-quarters of an inch thick and sixteen
inches in diameter, resting upon a countersink cut out
of the flagstone, and two inches wide.   Four pieces of
iron, called lugs, extended about three-quarters of an
inch beyond the rim of the plate and rested in recesses or
notches cut out of the flagstone.   An iron chain, about
five feet long, was attached to the center of the under
side of the plate and was intended to secure the plate in
its position by means of a fastening of the lower end of
the chain to the cellar wall.

The allegations of negligence were that the metal
covering was not securely fastened by the chain provided
for the purpose and that the ends of the iron pieces or
lugs, set in the notches, were worn away.

The accident happened on January 7, 1913.   The plain-
tiff's testimony showed that tenant had been in posses-
sion of the first floor and cellar of the premises, including
the coal hole, from February 12th to the time of the
accident.

In Cunningham v. Rogers, 225 Pa. 132, Mr. Justice
POTTER states the rule governing such situations as fol-
lows:

"As regards the liability of landlords to third persons,
it may be stated as a general rule that the tenant and
not the landlord is liable to third persons for accidents
and injury occasioned to them by the premises being in
dangerous condition, and the only exceptions to this rule
appear to arise where the landlord has either (1) con-

tracted with the tenant to repair, or (2) when he has let the premises in a ruinous condition, or (3) when he has expressly requested the tenant to do things amounting to a nuisance."

In Lindstrom v. Pennsylvania Company, Etc., 212 Pa. 391, Mr. Justice Brown said:

"The general rule is that when premises are in good repair at the time they are let and the landlord is not bound by the lease to keep them in repair, the tenant in possession and not the landlord is liable for an injury resulting through failure to repair the pavement in front of the premises."

In Philadelphia v. Bergdoll, 24 D. R. 595, President Judge Audenried said:

"If the sidewalk becomes unsafe while in the occupancy and control of a tenant, and injury results to a passerby, the tenant is liable and not the landlord. This results because the latter has no legal means of abating the nuisance. The sidewalk in front of it is as much a part of the land demised as is the building erected on it. The landlord may not enter upon his tenant's possession and becomes a trespasser if he does so. The test of his liability to answer for the results of unsafe conditions on his property is his right to remedy or correct them."

See also Baer v. Ambler, 9 Pa. 193; Chroust v. Acme Building & Loan Association, 214 Pa. 179; McLaughlin v. Kelly, 230 Pa. 251.

On January 7, 1913, the defendant was out of possession of the premises and had been so since February, 1912, nearly eleven months.

The defect alleged by the plaintiff to have caused the accident was the failure to fasten the chain which was intended to hold the lid in place. Although there was an averment in the plaintiff's statement that the four lugs, or small pieces of iron, projecting from the rim of the lid were worn, there was no proof whatever of this, but it was conceded at the argument that the sole function of these lugs was to keep the plate from revolving around

its center and that their condition had nothing to do with the accident.

All of the plaintiff's positive testimony related to the condition of the plate on the day of the accident. He offered no proof whatever of its condition at the time of the letting. He showed, however, that the cellar into which the coal hole led had never been entered by the tenant, nor by his one workman, during the former's occupancy under the lease, and he wishes the inference drawn from this, coupled with the additional fact that the chain was unfastened upon the day of the accident, that it had always been unfastened and hence was so at the time the possession of the premises was delivered to him by the landlord. Unfortunately for him, the value of this negative proof is totally destroyed by the statement of his witness that he did not know whether or not he had coal put in through the coal hole in question, as well as by his failure to exclude the possibility of other persons than the tenant and his workman having access to the cellar and having tampered with the chain.

On the other hand, the defendant showed by two witnesses that the chain was securely fastened when the tenant took possession of the premises. This testimony was not contradicted. Beside this, the only testimony as to the condition of the plate was that given by the policeman, Patterson, who saw it only upon the day of the accident. He said that the rim of the plate was then worn. At the trial and at the argument for a new trial, no attempt was made to attribute the tilting of the lid to this cause. The plaintiff's case was said by him to rest upon the failure to fasten the chain. This is a neglect in the use of the lid and not in its construction, and is plainly, therefore, a neglect of the tenant in possession rather than of the landlord: Duffin v. Dawson, 211 Pa. 593.

If the landlord delivers possession of a property in reasonably good repair, he does his whole duty. In view of the uncontradicted testimony that the lid was securely

261, (1916).] Opinion of Court below—Opinion of the Court.
fastened at the time possession of the premises was delivered, it is perhaps unnecessary to take the position that the landlord would not be liable even if it were not so fastened. But it is surely not unreasonable to say that it is no part of the landlord's duty to see that the tenant locks up his house and keeps it locked.

In the absence, therefore, of any testimony to show a defect existing at the time of the letting, and in view of the admitted fact that the accident was caused by a negligent use of the premises and not a negligent construction, we are constrained to enter judgment for the defendant notwithstanding the verdict.

*Error assigned* was in entering judgment for defendant n. o. v.

*Thomas H. McCaffrey,* for appellant.—The owner is not absolved from liability for accidents when the premises at the time of the leasing are in a dangerous condition: Dickson v. Hollister, 123 Pa. 421; McLaughlin v. Kelly, 230 Pa. 251; Posey v. Nat. Bank of Western Pennsylvania, 243 Pa. 568; Strohm v. Haverstock, 44 Pa. Superior Ct. 166; Kane v. Lauer, 52 Pa. Superior Ct. 467; Folkman v. Lauer, 244 Pa. 605; Spratt v. Reymer, 57 Pa. Superior Ct. 566.

*Boyd Lee Spahr,* with him *Ellis Ames Ballard,* for appellee.

OPINION BY ORLADY, P. J., December 18, 1916:
The appellant's testimony develops the fact that this action against the defendant is one against a landlord who has been out of possession of the premises for a year prior to the happening of the accident, and that the tenant in possession had exclusive possession or control of that part of the premises in which the cause of the accident originated. The allegations of negligence on which appellant relies are that "the owner of said premises, did

negligently, carelessly and unlawfully maintain said pavement in an unsafe condition, to wit, that the said metal covering of the said coal hole was not securely fastened," as the result of which—the plaintiff was injured.

No evidence was adduced to warrant a finding that the premises were not in a safe condition when possession was delivered to the tenant, or that the landlord thereafter exercised any control or supervision over the cellar area.

The facts of the case are fully and clearly set out in the opinion of the trial judge, by which a judgment is entered for the defendant notwithstanding the verdict, and after a careful review of the testimony, we are in accord with his conclusion. "A plaintiff cannot make out a case by proof that the injury was caused by one or more of a number of equally probable causes, some of which show negligence on the part of the defendant and the others do not. He is required to prove that the defendant was negligent and that his negligence caused the injury": Bollinger v. Crystal Sand Co., 232 Pa. 636.

There is nothing in this record to show that the landlord had exercised any control or supervision over the appliance which held the coal hole plates in place. That duty passed to the tenant with his taking possession of the premises, as the landlord was excluded from the premises by his lease to the tenant. It was clearly shown that when this possession was delivered, the coal hole cover and the attachment were safely arranged. The only cause of the accident was the tilting of the plate, but no testimony was adduced to show why the plate tilted or that the landlord had not exercised every reasonable precaution in providing for its safe retention in the countersunk groove.

This defendant is in no way connected with the negligent use of this appliance, and the judgment in favor of the defendant, notwithstanding the verdict, was properly entered.

It is now affirmed.