## Hanley et ux. *v.* Ryan et ux., Appellants.

*Practice C. P.—Statement of claim—Right to amend after the statute of limitations has run—Landlord and tenant—Liability to third persons—Right of indemnity.*

Where, in an action of trespass for personal injuries, plaintiffs averred in their statement of claim that the accident occurred on premises owned and occupied by defendants, it was error for the court to allow an amendment to the statement of claim after the statute of limitations had run, changing the place of the accident to other premises owned by the same defendants but rented to a tenant who had covenanted to make all repairs.

The defendants' liability as respects the two properties was different. As to the property which they owned and occupied, their duty as respects the safety of the premises was primary and absolute; as to the property leased, the primary duty rested on the tenant.

While the covenant in the lease requiring the lessee to make repairs did not operate to relieve the lessor from a duty resting on him when the contract was executed, nor discharge lessor from his responsibility to the public, nevertheless it established a relation between the parties to the lease which entitled the landlord to indemnity from the tenant in case the former was required to pay damages to a third person, due to the neglect of the tenant to keep the leased premises in repair as covenanted.

In such a case the landlord and tenant are not in pari delicto as to each other. The nuisance or neglect is not joint and the rule that one of two joint tort feasors cannot maintain an action for indemnity or contribution does not apply.

In order that a judgment against the parties secondarily liable may be used as the basis of suit against the party primarily liable, notice of the pendency of the suit must be given the latter and opportunity afforded to take part in the defense. When such notice is given he is no longer regarded as a stranger to the judgment that may be recovered and will be concluded by it, whether he appeared or not, as to the points in issues necessarily determined by it; though he is not precluded from setting up any defense which from the nature of the action or the pleadings he could not have interposed in the first action had he been a formal party to it.

Where a tenant covenants to keep the premises in good condition and repair, the landlord has a right of action over against him, irrespective of when the defective condition began, for it is the tenant's duty to remedy it.

Because of plaintiffs' error as to the locus of the accident no notice of any action affecting their tenant could be given by defendants to him until long after any original action against the tenant by plaintiffs was barred. Notice should be given to such party within the period fixed by the law for the limitation of such actions if recourse against him is intended.

After the statute of limitations has run a plaintiff cannot by amendment shift his ground of complaint, introduce a new cause of action, cure a fatal defect in the pleadings, change his cause from the common law to a statutory proceeding, or deprive the defendant of any valuable right:

Gail *vs.* Phila., 273 Pa., 275; Phillips *vs.* Erie Co. Elec. Co., 249 Pa., 445; and McKane *vs.* Phila., 78 Superior Ct., 168, distinguished.

Argued October 16, 1925. Appeals Nos. 160 and 327, October T., 1925, by defendants, from judgment of C. P. No. 2 Philadelphia County, June T., 1921, No. 3309, in the case of Florence May Hanley and Raymond Hanley v. Daniel F. Ryan and Helen M. Ryan. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $500. for Florence May Hanley and $1,000. for Raymond Hanley and judgment thereon. Defendants appealed.

*Error assigned* was, among others, permitting the plaintiffs to amend their statement of claim.

*John G. Kaufman* for appellants.—The amendment of the statement of claim should not have been allowed: Fields v. P. R. T. Co., 273 Pa., 282; Martin v. Pittsburgh R. R. Co., 227 Pa., 18; Noonan v. Pardee, 200

Pa., 474; McCullough v. P. R. T., 61 Pa. Superior Ct. 384; Goldberg v. Freidrich, 279 Pa., 572.

*Michael D. Hayes,* and with him *Francis M. McAdams* and *William H. Wilson,* for appellees.— The amendment was properly allowed: McKane v. Philadelphia, 78 Pa. Superior Ct. 168; Phillips v. Erie Co. Elec. Co., 249 Pa. 445; Gail v. Philadelphia, 273 Pa., 275.

OPINION BY KELLER, J., February 26, 1926:

The main question raised by these appeals is the right of the plaintiffs to amend their statement of claim upon a material matter, which changed the character of evidence necessary in the action and affected substantial rights of the defendant, after the statute of limitations had barred a new action.

On November 23, 1919, about midnight, Mrs. Hanley, one of the plaintiffs, while walking on Market Street, Philadelphia, between Fifty-ninth and Sixtieth Streets, was injured by the giving way of an iron cellar door in the sidewalk. On February 3, 1921 she and her husband brought an action of trespass against Daniel F. Ryan, one of these defendants, and in her statement of claim averred that she had been hurt by the collapse of the iron cellar door of property 5908 Market Street, belonging to said defendant. Daniel F. Ryan filed an affidavit of defense averring that premises 5908 Market Street were owned by him and his wife, Helen M. Ryan, the other defendant in this action as tenants by entireties and denying that the cellar door on said premises had collapsed or was in a defective condition.

On June 23, 1921, without discontinuing the former action, the plaintiffs brought this action in trespass. Again the statement of claim averred that Mrs. Hanley had been injurd by the collapse of the iron cellar

door in the sidewalk of premises 5908 Market St. belonging to defendants, and alleged its long-standing defective condition. Defendants filed an affidavit of defense denying the collapse or defective condition of the cellar door.

The case came up for trial on December 13, 1923, when plaintiffs moved to amend their statement by changing the locus in quo to 5916 Market Street. Defendants objected, pleaded surprise and excepted to the order allowing the amendment.

On the trial upon the amended statement, March 2, 1925, defendants' objections to testimony relating to 5916 Market Street were overruled and verdicts were rendered for the plaintiffs upon which judgments were duly entered.

Defendants were the owners and occupiers of 5908 Market Street. They were also the owners but not the occupiers of 5916 Market Street. The latter premises had been occupied for some years by one Littlefield who was in possession as tenant when defendants bought the property in 1916 and remained in possession under several leases until December, 1919. The leases provided that the lessee, Littlefield, should keep the premises in good condition, order and repair and do all repairing necessary to keep the property in good condition, except repairing the main roof and painting the outside woodwork and repairing chimneys.

The defendants' liability as respects the two properties was different. As to 5908, which they owned and occupied, their duty as respects the safety of the premises was primary and absolute; as to 5916 the primary duty rested on the tenant, Littlefield, not only by reason of the implied obligation of a tenant to make repairs, (Long v. Fitzsimmons, 1 W. & S. 530), but also because of his express covenant to do so. Defendants were not liable to the public for the defective condition of the premises unless they were not in good

repair when leased or unless they had bound them-
selves by the lease to keep them in repair: Bears v.
Ambler, 9 Pa. 193; Lindstrom v. Penna Co., 212 Pa.
391; Chroust v. B. & L. Assn., 214 Pa. 179; Cunning-
ham v. Rogers, 225 Pa. 132, 136; Levick v. Patterson
Co., 65 Pa. Superior Ct. 261; Phila. v. Bergdoll, 252
Pa. 545, 551; Coupland v. Hardingham, 3 Campbell
398; Payne v. Rogers, 2 H. Bl. 349. A new and dif-
ferent issue was thus injected into the case by the
amendment, to wit, did the defective condition com-
plained of exist when the lease to Littlefield was made,
or when it was renewed by the lease in force when the
accident occurred: McLaughlin v. Kelly, 230 Pa. 251.

But another consideration enters into the case.
While it is true that the covenant in the lease requir-
ing the lessee to make repairs did not operate to relieve
the lessor from a duty resting on him when the con-
tract was executed nor discharge the lessor from his
responsibility to the public or third persons, (Folk-
man v. Lauer, 244 Pa. 605, 607; Kane v. Lauer, 52 Pa.
Superior Ct. 467), nevertheless it established a rela-
tion between the parties to the lease which entitled
the landlord to indemnity from the tenant in case the
former was required to pay damages to a third person
through the neglect of the tenant to keep the leased
premises in repair as covenanted. This right is recog-
nized in Folkman v. Lauer, supra, Kane v. Lauer,
supra, Brown v. White, 202 Pa. 297, 311, Fowler v.
Jersey Shore, 17 Pa. Superior Ct. 366, 372, 373, and
Orth v. Consumers Gas Co., 280 Pa. 118. It is estab-
lished in other jurisdictions: Oceanic Steam Nav. Co.
v. Compania Trans. Esp., 134 N. Y. 461, 31 N. E. 987;
Scott v. Curtis, 195 N. Y. 424, 88 N. E. 794, 40 L. R.
A. N. S. 1147; Gray v. Boston Gas Light Co., 114 Mass.
149; Churchill v. Holt, 127 Mass. 165; Penna. Steel
Co. v. W. & B. Bridge Co., 194 Fed. 1011; Trego v.
Rubovits, 178 Ill. App. 127. It is similar in principle

to the right of a municipality to recover from the owner or occupant primarily liable for the care of a sidewalk the damages which it has been required to pay to a third person by virtue of its secondary liability: Brookville Boro. v. Arthurs, 130 Pa. 501, 152 Pa. 334; Reading City v. Reiner, 167 Pa. 41; New Castle v. Kurtz, 210 Pa. 183. In such cases the parties are not in pari delicto as to each other. The nuisance or neglect is not joint and the rule that one of two joint tort feasors cannot maintain an action for indemnity or contribution does not apply: Churchill v. Holt, supra, Fowler v. Jersey Shore, supra. But in order that the judgment against the party secondarily liable may be used as the basis of suit against the party primarily liable, notice of the pendency of the suit must be given the latter, and opportunity afforded to take part in the defense: Chester v. Schaffer, 24 Pa. Superior Ct. 162; Orth v. Consumers Gas Co., supra. When such notice is given, he is no longer regarded as a stranger to the judgment that may be recovered and will be concluded by it whether he appeared or not, as to the points and issues necessarily determined by it; though he is not precluded from setting up any defense which from the nature of the action or the pleadings he could not have interposed in the first action had he been a formal party to it: Fowler v. Jersey Shore, supra. In view, therefore, of Littlefield's express covenants to keep the premises in good condition and repair, defendants had a right of action over against him, irrespective of when the defective condition began, for it was his duty to remedy it: Coupland v. Hardingham, supra; and could use any judgment obtained against them by these plaintiffs as the basis of an action against him, *provided,* notice of the pendency of the suit was given him and opportunity afforded him to take over the defense of the action. But by reason of plaintiffs' error as to the locus of the

accident, persisted in in both suits against these defendants, no notice of any action affecting their tenant, Littlefield, could be given by defendants to him until over four years after the accident, and long after any original action against him by these plaintiffs was barred. And while it is true it has been decided that the statute of limitations does not begin to run in favor of the party primarily liable for the condition of the premises from the date of the accident, but only from the date of the judgment or payment thereof, (Ashley v. L. & W. Coal Co., 232 Pa. 425), it was pointed out as an important factor in that case, p. 432, that notice to defend was given within two years of the accident. It would seem but fair that notice should be given to such party within the period fixed by law for the limitation of such actions, if recourse against him is intended.

Thus by plaintiffs' amendment as to the place of the accident we not only have an action requiring a different measure of proof and a changed relationship on the part of the defendants, but the delay incident thereto is so great as possibly to affect the right of these defendants to indemnity against the party upon whom rested the duty—as between themselves—of keeping the cellar door in good condition and making such repairs to it as were necessary.

It has been repeatedly held that after the statute of limitations has run a plaintiff cannot by amendment shift his ground of complaint, introduce a new cause of action, cure a fatal defect in the pleadings, change his cause from a common law to a statutory proceeding or deprive the defendant of any valuable right: Card v. Stowers Pork P. & P. Co., 253 Pa. 575, 579. Thus such an amendment has been disallowed or held improper, where it changed the claim from a common law action to one within the Federal Employer's Liability Act: Hogarty v. P. & R. Ry. Co., 255 Pa. 236; where

in trespass vi et armis against a constable for an excessive distress, it omitted the admissions as to plaintiff's tenancy: Royse v. May, 93 Pa. 454; where the relationship and standard of care was changed from that due to a person not intending to become a passenger on a street railway to that of an intending passenger: Martin v. Pittsburgh Rys. Co., 227 Pa. 18; where the statement alleged the injuries were due to negligence of defendant in using a coupler more dangerous than those in general use and the amendment charged the use of a coupler in violation of Act of Congress: Allen v. T. V. R. R. Co., 229 Pa. 97; where an averment of malicious seizure of goods by unlawful process was changed so as to aver an abuse of civil process by excessive seizure of goods: Lane v. Sayre Water Co., 220 Pa. 599; where averment that the accident was caused by the act of a fellow servant was changed so as to charge that the defendant had not provided proper signals nor employed a sufficient number of men on the train: Peterson v. Penna. R. Co., 195 Pa. 494; where the original ground of negligence was that defendant had furnished a chain of insufficient strength, and the amendment charged negligence of defendant's vice principal in fastening the chain to a beam: Mays v. United Nat. Gas Co., 268 Pa. 325; where the statement complained of a defect in a particular machine, and the amendment charged the defect to another and different machine and failure to instruct as to danger: Mahoney v. Park Steel Co., 217 Pa. 20; where the amendment set up a new promise to pay by an insurance company following the original rejection of the claim: Grier v. Assurance Co., 183 Pa. 334; as well as the numerous cases which involved a change of parties or their relationship: Bender v. Penfield, 235 Pa. 58; Girardi v. Laquin Lumber Co., 232 Pa. 1; Stine v. Herr, 78 Pa. Superior Ct. 226, 230; LaBar v. N. Y. S. & W. R. Co., 218 Pa. 261, 264. It

may be stated as a general proposition that after the statute of limitations has run any change which deprives the opposite party of a substantial right will not be allowed: Kille v. Ege, 82 Pa. 102; Riley v. Ins. Co., 12 Pa. Superior Ct. 561.

On review of all the authorities we are of opinion that the amendment should not have been permitted. While there was only one accident, so was there only one accident in each of the trespass cases included in the foregoing list. The amendment was, nevertheless, refused in those cases because it placed the defendant in a new relationship, or changed the cause of action declared upon, or required a different measure of proof or deprived defendant of some substantial right.

The cases relied upon by the learned court below in its brief memorandum or opinion are distinguishable. In Gail v. Phila., 273 Pa. 275, the accident happened in the cartway of a street where the City was primarily liable for its condition. No change of relationship or otherwise was made by amending the locus in quo from the street in front of 877 Twenty-fourth Street to 821 Twenty-fourth Street. So as to Phillips v. Erie Co. Elec. Co., 249 Pa. 445. As the defendant was solely responsible for the accident it did not matter whether it was averred to have occurred at Twenty-first and Sassafras Streets or Twenty-second and Sassafras Streets. In McKane v. Phila., 78 Pa. Superior Ct. 168, it was not shown that the owner of the premises abutting on the changed location of the sidewalk "at or near the intersection of 29th and Peter Streets, in the rear of what is known as *2839* Ellsworth Street," was not the owner of the premises as laid in the statement, "at or near the intersection of 29th and Peter Streets, in the rear of what is known as *2837* Ellsworth Avenue." Had it so appeared the amendment would not have been sustained after more than two years; for President Judge ORLADY said: "The amendment al-

lowed did not in any way prejudice the City......
There was nothing in the proposed amendment to
change the character, the time or place of the negligent act complained of."

The first, third, fifth, thirteenth and fourteenth assignents of error are sustained. It is unnecessary to
pass upon the others. The judgments are reversed
and the record is remitted to the court below with directions to enter judgments for the defendants non
obstante veredicto.