Borough of Ingram v. Hachmeister, Appellant.

Argued April 25, 1928.

26

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*A. Devoe P. Miller,* and with him *Dunn & Moorhead,* for appellant.

*J. M. Russell,* for appellee.

OPINION BY TREXLER, J., July 12, 1928:

The facts agreed upon are substantially as follows: "On or about December 14, 1920, at about 6 o'clock P. M., at dusk, Nannie J. Curry was injured by falling over a water curb box projecting above the level of the sidewalk on a very much used part of Center Avenue, near Bridge Street, in the Borough of Ingram, Allegheny County, Pennsylvania." She brought an action in trespass against the borough and recovered a substantial sum.

The borough then brought an action against Harry C. Hachmeister who was the owner of the property at the time when Mrs. Curry was injured. Notice of the pendency of the suit against the borough had been given to Mr. Hachmeister on May 10, 1924, and he was present at the trial on May 28, 1924, with his counsel and appeared as a witness for the borough. No appeal was taken from the verdict.

"The pavement on which Mrs. Curry fell was constructed by Henry C. Hachmeister about sixteen or eighteen years before the occurrence of the accident; the water pipe was constructed by the water company in 1907." No notice of the defect of the sidewalk was given by the Borough to the defendant. The verdict of the jury in the present case brought by the Borough against Mr. Hachmeister was in favor of the defendant but the court entered judgment in favor of the plaintiff non obstante veredicto and to this action of the court that exception is taken.

Our court in Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366, stated: "The rule seems to be well established that when a person is responsible over to another either by operation of law or by express contract, and notice has been given him of the pending of the suit with the request that he take upon himself the defense of it, he is no longer regarded as a stranger to the judgment that may be recovered because he has the right to appear and to defend the action equally as if he were a party to the record. When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him whether he has appeared or not." "The judgment against the borough is conclusive evidence of the existence of the defect in the highway, the injury to the individual while she was in the exercise of due care, and of the amount of the damages."

As to the points and issues necessarily determined in the first case, the party primarily liable will be precluded but he is not prevented from setting up any defense which from the nature of the action or the pleadings he could not have interposed in the first action had he been a formal party to it. Hanley v. Ryan, 87 Pa. Superior Ct. 6, 11, and cases therein cited.

In the present case, the only question submitted to the jury was whether or not the owner of the prop-

28

erty had knowledge of the defect and in the agreement of counsel filed, it is set out that the only testimony that need be printed is that pertaining to the knowledge of the defendant, Harry C. Hachmeister, of the defect, and on appeal the case must be considered within the same lines. The court in its charge to the jury (not set out in the paper book nor assigned for error, but quoted in the opinion of the court) stated that the question for the jury to determine was whether from the evidence they had heard in the case, the defendant, H. C. Hachmeister had notice, either constructive or actual, of the existence of the defect. After the jury brought in a verdict in favor of the defendant, the court upon examination of the record, decided that the testimony showed that the defendant had actual notice of the obstruction on his sidewalk, he having testified to its present condition and that that condition had existed for a long period of time. In substantiation of this, the court quoted the following from the record: Q. As long as you have been familiar with this sidewalk, say, since the construction of it; has this curb box been in the same condition as it now is? A. No, it had a top lid on it at one time, when the sidewalk was constructed. Q. Now, Mr. Hachmeister, state how long this cap has been off this curb box to the best of your recollection? A. I have been very often at Ingram but I haven't seen a cap on that box for years. Q. How many years? A. Oh, it is quite a number of years. Q. Three years or eight years? A. My recollection probably would be eight or ten years that I haven't seen a cap on it. Q. Well, you have been around that neighborhood considerable in the last eight or ten years, haven't you? A. I have been there very often to call; I go down and take notice of the property; take a walk around and examine the premises.''

Under these circumstances, the defendant having admitted knowledge of the defect in the sidewalk, there

remained no question to be submitted to the jury and the court was right in entering judgment for the plaintiff in the sum which the Borough was compelled to pay by reason of defendant's failure to maintain the sidewalk.

The judgment is affirmed.