## Smith v. Bellefonte Trust Company, Executor.

■■■■■■■■■■■■■■■■

*A. C. Dale*, for plaintiff.

*N. B. Spangler, Ivan Walker* and *W. Harrison Walker*, for defendant.

FLEMING, P. J., Jan. 18, 1930.—The matter before us is a rule upon the defendant to show cause why the statement of claim filed herein should not be withdrawn and an amended statement filed in lieu thereof. The defendant resists the rule and assigns as reasons therefor the following:

1. Because said amended statement sets forth a new cause of action.

2. Because more than six years have elapsed since a portion of the alleged original cause of action arose, and the amended statement cannot be allowed as to any alleged items in the original statement accruing prior to six years of the date of said amendment.

The original statement avers that the plaintiff, at the special instance and request of Ellis E. Irwin, defendant's decedent, permitted the said defendant's decedent to come to her home and to reside and make his home there from Sept. 21, 1921, to Oct. 31, 1926, "with the exception of brief periods of time during which the said Ellis E. Irwin visited at other places." Plaintiff avers that she boarded and lodged defendant's decedent, doing his washing and ironing and performing many services for him, adding, "the specific items being set forth in the schedule herein referred to." This schedule shows unvarying monthly charges of $30 per month for board and $2 per month for laundry. The dates show such charges covering an unbroken period beginning Sept. 21, 1921, and ending March 31, 1923. No further charges are recorded until Jan. 1, 1925, when another unbroken period begins extending from such date, to wit, Jan. 1, 1925, to Nov. 10, 1926. Nowhere in plaintiff's original statement is there an averment that defendant's decedent agreed to pay any sum for the services alleged to have been performed for him. The statement also contains an averment that "she permitted the said Ellis E. Irwin to erect a road-stand, for which the said plaintiff charged the said Ellis E. Irwin Three Dollars ($3.00) per month rent." There is no averment that defendant's decedent leased the ground upon which such road-stand was built nor that defendant's decedent agreed to pay the rental named therefor.

The amended statement sought to be filed in lieu of the original is more prolific in its explanation of the domestic status and personal condition of defendant's decedent at or about and during the period alleged. It contains an averment that defendant's decedent promised by means of letters, which plaintiff admits are no longer in existence, and by oral promises "to pay the

plaintiff an ample amount for room, boarding, washing and her personal services in attending to the sewing and mending of his clothing and caring for himself as more or less an invalid and helpless." She further avers that "no fixed amount was named for these services because of the confidence the plaintiff had in her deceased uncle, the said Ellis E. Irwin." She avers that the "promises of ample compensation in money were repeated in the hearing of others," and that "it was understood between the plaintiff and the deceased defendant that she, the plaintiff, for the services aforesaid should be amply paid after the death of her said uncle, Ellis E. Irwin." The amended statement avers the charge for rent of ground used in the road-stand as a "reasonable monthly rental" and fixes the sum thereof at $3, which was the sum named in the original statement.

The total sum claimed in the amended statement is $2551, whereas that of the original statement was $1366. The amended statement claims for an unbroken period from Sept. 21, 1921, to Nov. 11, 1926, while the original claims for broken periods between such dates.

In Hanley et ux. v. Ryan et ux., 87 Pa. Superior Ct. 6, Judge Keller cites a number of cases demonstrating what constitutes the setting up of a new cause of action, as follows: "Where, in trespass vi et armis against a constable for an excessive distress, it omitted the admissions as to plaintiff's tenancy: Royse v. May, 93 Pa. 454; where the relationship and standard of care was changed from that due to a person not intending to become a passenger on a street railway to that of an intending passenger: Martin v. Pittsburgh Rys. Co., 227 Pa. 18; where the statement alleged the injuries were due to negligence of defendant in using a coupler more dangerous than those in general use and the amendment charged the use of a coupler in violation of Act of Congress: Allen v. T. V. R. R. Co., 229 Pa. 97; where an averment of malicious seizure of goods by unlawful process was changed so as to aver an abuse of civil process by excessive seizure of goods: Lane v. Sayre Water Co., 220 Pa. 599; where averment that the accident was caused by the act of a fellow servant was changed so as to charge that the defendant had not provided proper signals nor employed a sufficient number of men on the train: Peterson v. Pennsylvania R. R. Co., 195 Pa. 494; where the original ground of negligence was that defendant had furnished a chain of insufficient strength and the amendment charged negligence of defendant's vice principal in fastening the chain to a beam: Mays v. United Natural Gas Co., 268 Pa. 325; where the statement complained of a defect in a particular machine and the amendment charged the defect to another and different machine and failure to instruct as to danger: Mahoney v. Park Steel Co., 217 Pa. 20; where the amendment set up a new promise to pay by an insurance company, following the original rejection of the claim: Grier v. Assurance Co., 183 Pa. 334; as well as the numerous cases which involved a change of parties or their relationship: Bender v. Penfield, 235 Pa. 58; Girardi v. Laquin Lumber Co., 232 Pa. 1; Stine v. Herr, 78 Pa. Superior Ct. 226, 230; La Bar v. N. Y. S. & W. R. R. Co., 218 Pa. 261, 264."

In the instant case the original statement covered a period of time beginning Sept. 21, 1921, and continuing to March 31, 1923. After omitting the period from March 31, 1923, until Jan. 1, 1925, the period of time is again made to run and to continue from Jan. 1, 1925, to Nov. 10, 1926. In the amended claim the period of time is continuous and unbroken from Sept. 21, 1921, to Nov. 11, 1926. The amount averred to be due by the defendant to the plaintiff in the original statement of claim was $1366, and in the amended

statement is averred to be $2551. In the original statement no specific oral contract between plaintiff and defendant's decedent is averred and the statement is, if anything, as noted by the learned counsel for the defendant in his brief, in the nature of a *quantum meruit*. In the amended statement a specific oral contract with defendant's decedent is averred. The original statement avers the services rendered to be board, laundry and rental of a roadside stand. The amended statement includes these and adds sewing and mending and the caring for defendant's decedent, through the period alleged, as more or less of an invalid.

Justice Kephart, in Goldberg *v.* Friedrich, 279 Pa. 572, 576, prescribes as one of the tests by which it is to be determined whether a cause of action is substantially changed, the question whether the same defense is open in each, and whether the same measure of proof is required. Certainly these tests cannot be affirmatively answered in the instant case. The same defense cannot be applied to an action upon a specific oral contract that can be applied to an action in the nature of a *quantum meruit*, and this is especially so in an action against a decedent's personal representative for board, washing and care practically in the form of nursing. Nor can a defense to an unbroken period of time be the same as to a period specifically averred to have been broken for an interval of one year and nine months. Nor can a defense to a claim for board and washing be applied to a claim for board, washing, sewing, mending and nursing. It is likewise true that the same measure of proof will not suffice the defendant in an action based on a specific oral contract alleged to have been made in the lifetime of defendant's decedent, that would have been sufficient in an action based upon the original statement, which, as we have said, is, if anything, in the nature of a *quantum meruit*. Observing these tests, and the failure of the amended statement to measure up to the same, as well as observing the cases cited by Judge Keller in Hanley et ux. *v.* Ryan et ux., 87 Pa. Superior Ct. 6, brings us to the conclusion that the amended statement sought to be filed herein substantially varies the cause of action set forth in the original statement.

Further, it is plain that the second contention of the defendant should also be sustained. It is clear that, under the original statement, that portion therein which is alleged to have accrued more than six years prior to the bringing of the suit would be barred by the statute of limitations. The suit was brought on Oct. 15, 1928. Hence, all items prior to Oct. 15, 1922, would be thus barred. The amendment attempts to evade this bar by shifting the ground from that of a *quantum meruit* to an express oral promise by defendant's decedent to pay "an ample sum" after the death of defendant's decedent. In Card *v.* Stowers Pork Packing Co., 253 Pa. 575, 579, a case cited with approval in Andrews *v.* Marsden, 278 Pa. 56, Hanley et ux. *v.* Ryan et ux., 87 Pa. Superior Ct. 6, and a number of other cases, we find the court to say: The rule is well settled that, "after the statute of limitations has run a plaintiff cannot by amendment shift his ground of complaint, introduce a new cause of action, cure a fatal defect in the pleadings, change his cause from a common law to a statutory proceeding, or deprive the defendant of any valuable right."

Again, in Philadelphia *v.* Hestonville, Mantua & Fairmount R. R. Co., 203 Pa. 38, cited by defendant, an amendment was denied, the court saying in part: "The reason upon which it was refused was that the introduction of the matter covered by the proposed amendment would constitute a different cause of action from that which was originally covered by the plaintiff's statements, and that, in view of the fact that the statute of limitations had run

726

against the claims as originally stated, it was not proper to allow amendments at the time of the trial which would deprive the defendants of the benefit of the statute. It was contended at the trial, and is now contended on behalf of the city, that this view of the case was not sound. There is no doubt that, under the statutes of amendment which operate in this Commonwealth, there has been and ought to be a large measure of liberality in regard to allowing amendments of pleadings, in order that substantial justice between litigants may be reached, and that substance may not be lost sight of in a rigid adherence to mere matters of form. It is not necessary to refer to many decisions in which this doctrine is laid down. The plaintiff's counsel has referred to some of them. We do not hesitate to recognize the doctrine, and are quite ready to acknowledge its good sense as well as its validity. At the same time, it is equally well settled that amendments will not be allowed, either in the form of the action or in the form of the pleadings, where such allowance will deprive a defendant of the benefit which the lapse of time has given him."

We must, therefore, decline to allow the amendment, as such would deprive the defendant of a benefit which lapse of time has given.

### Decree.

And now, Jan. 18, 1930, the rule upon defendant to show cause why an amended statement of claim should not be filed and the original statement of claim withdrawn is dismissed, at the cost of the plaintiff.

From S. D. Gettig, Bellefonte, Pa.