# Mays, Appellant, *v.* United Natural Gas Co.

*Negligence—Amendment of statement—Pleading—Unsafe appliance—Negligence of vice-principal—Act of June 24, 1895, P. L. 236—Change of cause of action—Statute of limitation.*

1. A plaintiff may amend his statement, so as to simplify his complaint, or render it more specific, but cannot shift his ground by introducing a new agency as the cause of the accident, when a suit thereon would be barred by the statute of limitations.

2. Where a statement in trespass for personal injuries, instituted after the Act of June 24, 1895, P. L. 236, avers negligence in furnishing a chain of insufficient strength for a purpose intended, such statement cannot be amended more than two years after the accident, so as to charge the accident to the negligence of defendant's vice-principal in fastening a chain to a beam.

Argued September 28, 1920. Appeal, No. 74, Oct. T., 1920, by plaintiff, from judgment of C. P. Clarion Co., Dec. T., 1916, No. 112, on verdict for defendant in case of E. W. Mays v. United Natural Gas Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries. Before McCORMICK, P. J., specially presiding, and SLOAN, P. J.

The opinion of the Supreme Court states the case.

The trial judge (SLOAN, P. J.) directed a verdict for defendant, and judgment was entered thereon. Plaintiff appealed.

*Errors assigned* were (1, 2, 4) refusal of amendment, (3) excluding evidence, and (5) binding instructions.

*Geo. F. Whitmer,* with him *A. A. Geary,* for appellant. —Plaintiff was entitled to the amendment: Cassel v. Cooke, 8 S. & R. 268; Wilhelm's App., 79 Pa. 120; Stoner v. Erisman, 206 Pa. 600; Herbstritt v. Lumber Co., 212 Pa. 495; Rodrigue v. Curcier, 15 S. & R. 81; Hurt v. Canneries Co., 263 Pa. 238; Schmelzer v. Traction Co., 218 Pa. 29; Fredericks v. Canal Co., 148 Pa. 317; Martin v. Rys., 227 Pa. 18; Terrell v. Rys., 58 Pa. Superior Ct. 371; McCullough v. P. R. T. Co., 61 Pa. Superior Ct. 384; Mahoney v. Steel Co., 217 Pa. 20.

*J. V. Frampton,* with him *F. J. Maffett, H. M. Rimer, Peter M. Speer* and *J. H. Courtney,* for appellee, cited, as to amendment: Allen v. R. R., 229 Pa. 97; McCullough v. P. R. T. Co., 61 Pa. Superior Ct. 284; Mahoney v. Steel Co., 217 Pa. 20; Peterson v. R. R., 195 Pa. 494; Grier Bros. v. Assurance Co., 183 Pa. 334; Cord v. Stowers, etc., Co., 253 Pa. 275; Hogarty v. Ry., 255 Pa. 236; Fairchild v. Furnace Co., 128 Pa. 485.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:
On May 12, 1915, plaintiff, while in defendant's employ, was injured by the fall of a steel beam, and this action was brought for damages thereby sustained. The gravamen of plaintiff's statement of claim, as filed in 1916, was that defendant negligently furnished a chain of insufficient strength for the support of the beam, by reason of which it became uncoupled and broken, thereby causing the accident. In 1919 plaintiff moved for leave to amend his statement so as to charge the accident to the negligent manner in which defendant's vice-

principal had fastened the chain to the beam. The trial court refused the motion on the ground that it would introduce a new cause for action after the statute of limitations (Act of June 24, 1895, P. L. 236) had run. The case then went to trial on the original statement, which the evidence failed to support, and thereupon plaintiff offered to prove facts in support of his claim as stated in the rejected amendment. The offer was excluded and a verdict directed for defendant, upon which judgment was entered, and plaintiff brought this appeal.

The principal complaint is the refusal of the amendment, but in that the trial court was clearly right. In Card v. Stowers Pork P. & P. Co., 253 Pa. 575, 579, the familiar rule is stated that: "After the statute of limitations has run a plaintiff cannot by amendment shift his ground of complaint, introduce a new cause of action, cure a fatal defect in the pleadings, change his cause from a common law to a statutory proceeding, or deprive the defendant of any valuable right: Mahoney v. Park Steel Co., 217 Pa. 20; Martin v. Pittsburgh Rys. Co., 227 Pa. 18; Allen v. Tuscarora Val. R. R. Co., 229 Pa. 97." Of like import are Hogarty v. Phila. & R. Ry. Co., 255 Pa. 236; Sulkin v. Gilbert, 218 Pa. 255; Grier Bros. v. Assurance Co., 183 Pa. 334. The proposed amendment manifestly shifted plaintiff's ground of complaint, for the failure to furnish safe tools and appliances is entirely distinct from the negligent act of a vice-principal in the use thereof. In the language of the court below: "The negligent act was the act which made it possible for the beam to fall. This, in the declaration, was a weak chain; in the amendment, was a careless and improper fastening of the chain by a negligent foreman. In our judgment these are two separate and distinct acts of negligence, for either of which an action might be maintained by the plaintiff, and to allow the proposed amendment would introduce a new cause for action."

A plaintiff may amend his statement, so as to amplify or particularize his complaint, or render it more specific

(Coll v. Westinghouse E. & Mfg. Co., 230 Pa. 86) but cannot shift his ground by introducing a new agency as the cause of the accident when a suit thereon would be barred: Lane v. Sayre Water Co., 220 Pa. 599; Peterson v. Penna. R. R. Co., 195 Pa. 494; Fairchild v. Dunbar Furnace Co., 128 Pa. 485. Here the alleged negligence of the vice-principal was a new ground of complaint and could not be brought upon the record more than two years after the accident.

The amendment having been rejected, evidence in support thereof was properly excluded; and, as there was no proof in support of the allegation of an insufficient chain, a verdict for defendant was properly directed.

The assignments of error are overruled and the judgment is affirmed.