## Cox, Appellant, *v.* Wilkes-Barre Railway Corporation.

Argued April 12, 1939.  Before Kephart, C. J., Schaffer, Maxey, Drew, Linn and Stern, JJ.

*Thomas M. Lewis,* with him *Thomas F. Farrell, Jr.* and *M. F. McDonald, Jr.,* for appellant.

*Evan C. Jones,* with him *Benjamin R. Jones, Jr.,* of *Bedford, Waller, Jones & Darling,* for appellees.

OPINION BY MR. JUSTICE MAXEY, May 25, 1939:

This is an appeal from the refusal of the court below to permit plaintiff to amend her statement of claim in an action of tort by adding thereto, more than four years after the accident in question, the following: "In then and there failing and neglecting to maintain, in reasonably safe condition, its right-of-way on said highway, by permitting deep and dangerous ruts to accumulate and remain thereon, making it unsafe for other vehicles to travel said highway."

The statement sought to be amended charged the defendant company with a violation of duty on the part of the motorman of the trolley car which was in collision with plaintiff's automobile. The violation of duty so charged consisted of (a) operating the car at reckless speed; (b) in approaching a street intersection without warning; (c) failure to have the car under control.

It is clear that the proposed amendment introduced a new cause of action, to wit, defendant's failure to maintain its right of way in a reasonably safe condition.

570

There is no difficulty in defining the phrase "cause of action." It obviously means what this court in *Martin v. Pittsburgh Rys. Co.*, 227 Pa. 18, 75 A. 837, said it meant, to wit: "The negligent act or acts which occasioned the injury." According to plaintiff's original statement, the cause of action was the neglect of the motorman of the trolley car. According to the proposed amendment, the cause of action was the defendant company's neglect in respect to its right of way. These two alleged causes of action are distinct. The defense to the original cause of action pleaded would be irrelevant to the cause of action set forth in the proposed amendment. See *Raskus v. Allegheny Valley Street Ry. Co.*, 302 Pa. 34, 153 A. 117.

It is elementary that after the Statute of Limitations has run a plaintiff cannot amend his statement by introducing a new cause of action: *Mays v. United Natural Gas Co.*, 268 Pa. 325, 112 A. 22.

The judgment is affirmed.