## D'Attilio v. Hershey Estates

*Nauman, Smith, Shissler & Hall,* for plaintiff.
*Hull, Leiby & Metzger,* for defendant.

HERMAN, J., May 9, 1966.—The question before us is whether amendments should be permitted to plaintiffs' complaint in trespass after the applicable statute of limitations has run. Plaintiffs contend that the proposed amendments only "describe more precisely the causes of the minor Plaintiff's injuries". Defendant maintains that they assert an entirely new cause of action.

It is, of course, clear that if the amendments do, in fact, allege a new cause of action after the statute of limitations has run, they cannot be allowed (Saracina v. Cotoia, 417 Pa. 80 (1965) ; Shenandoah Borough v. Philadelphia, 367 Pa. 180 (1951) ; Cox v. Wilkes-Barre Railway Corporation, 334 Pa. 568 (1939)), and so we must examine the amendments proposed.

In the complaint, plaintiffs allege that the minor plaintiff was riding an amusement known as "The Bowl" in the "Fun House" at the Hershey Amusement Park owned and operated by defendant when he, plaintiff, was dislodged from the central portion and thrown against the side and suffered a broken right forearm.

Plaintiffs seek to amend paragraphs 6, 8, 10 and 11 of the complaint by adding to the original paragraphs 6, 8, 10 and 11 the language, in italics, as hereinafter quoted:

"6. At the aforesaid time and place the minor Plaintiff was an occupant of an amusement ride known as 'The Bowl,' a saucer shaped amusement ride with elevated sides and an elevated center, which, when operating, rotates in a horizontal *plane* about a central axis, *which said amusement ride was inherently dangerous for use by children of the age of minor Plaintiff at said*

*time by reason of the excessive centrifugal force which was created at the speed at which this bowl was operated.*

"8. At the aforesaid time and place the minor Plaintiff was seated on the elevated central portion of 'The Bowl' and was dislodged from his position when the operator thereof suddenly, *without warning and without observing the occupants of 'The Bowl', heedlessly* increased the speed of rotation of the amusement *device* causing the minor Plaintiff to be thrown from the raised central portion of 'The Bowl' and hurled violently against the raised perimeter thereof, *or, in the alternative, if 'The Bowl' is shown to have been designed to be operated in this heedless fashion at unsafe speeds, then minor Plaintiff was caused to be thrown from the raised central portion and hurled violently against the perimeter of 'The Bowl' by reason of the design of said device which was inherently dangerous for use by children of the age of minor Plaintiff at said time.*

"10. The injuries and damages suffered by Plaintiffs were caused by the negligence of Defendant in that it;

"(a) Failed to provide 'The Bowl' with appliances to limit the speed thereof to a safe rate of rotation;

"(b) Failed to provide 'The Bowl' with appliances to reduce the force of impact of occupants who could be expected to fall from the elevated center portion;

"(c) Failed to properly instruct its agent, servant or employee charged with the operation of 'The Bowl';

"(d) *In the alternative operated a device of such design as to be inherently dangerous for children of the age of minor Plaintiff at the aforesaid time, and permitted its use by such children.*

"11. The injuries and damages suffered by Plaintiffs were caused by the negligence of the operator of 'The Bowl' in that he;

"(a) Operated 'The Bowl' at a speed which he knew, or should have known, created an unreasonable risk of injury to the minor Plaintiff;

"(b) Suddenly and without warning increased the speed of 'The Bowl';

"(c) *Failed to make observations as to the safety of the occupants of 'The Bowl' or their ability to withstand the speeds at which he caused the same to be operated;*

"(d) *In the alternative, if 'The Bowl' was designed to be operated as aforesaid, permitted minor Plaintiff to enter upon 'The Bowl' which he knew, or should have known, was inherently dangerous for children of his age".*

The allegations of negligence in the complaint, as far as here pertinent,[1] can be fairly summarized to aver active negligence on the part of the operator of the machine in operating it at an excessive speed and in suddenly and without warning increasing the speed. The allegations concerning the direct negligence of defendant, Hershey Estates, can be fairly summarized to aver active negligence in failing to provide a governor or other device to limit the speed of rotation; in failing to provide padding on the sides to reduce the force of impact of persons who could be expected to fall from the elevated center part, and in failing to provide proper instructions to the operator.

The amendments seek to add in addition thereto the allegations that The Bowl was inherently dangerous for use by children, or was of an inherently dangerous design. It is our judgment that such an amendment would assert a new cause of action and is, therefore, barred.

It must be conceded, as plaintiffs point out, that the

---

[1] There are additional allegations concerning the care and treatment of the minor plaintiff after the alleged injury.

phrase "cause of action" is not susceptible of any simple definition to be applied to all cases (Fisher v. Hill, 368 Pa. 53 (1951)), but we are of the opinion that in the context in which it is used in cases such as the instant case "cause of action" means "the negligent act or acts which occasioned the injury", "the wrongful act" or the "negligent conduct".

In Cox v. Wilkes-Barre Rwy. Corp., supra, the complaint sought to be amended charged negligence of a motorman of a trolley car in operating at reckless speed, approaching an intersection without warning and failure to have the car under control. After the statute of limitations had run, plaintiff sought to add an allegation that defendant failed and neglected to maintain the right-of-way in a reasonably safe condition. Such amendment was refused and Mr. Justice Maxey, in writing the opinion for the Supreme Court, said:

"It is clear that the proposed amendment introduced a new cause of action, to wit, defendant's failure to maintain its right of way in a reasonably safe condition. There is no difficulty in defining the phrase 'cause of action.' It obviously means what this court in Martin v. Pittsburgh Rys. Co., 227 Pa. 18, 75 A. 837, said it meant, to wit: 'The negligent act or acts which occasioned the injury.' According to plaintiff's original statement, the cause of action was the neglect of the motorman of the trolley car. According to the proposed amendment, the cause of action was the defendant company's neglect in respect to its right of way. These two alleged causes of action are distinct. The defense to the original cause of action pleaded would be irrelevant to the cause of action set forth in the proposed amendment": pp. 569-70.

In Shenandoah Boro v. Philadelphia, supra, the court was dealing with a mine subsidence case and defendant was originally charged, as lessor, with supervising

and controlling negligent mining operations by the lessee. The amendment sought to add as additional acts of negligence that defendant was negligent in entering into the lease of this worked-out area when it should have known that further removal of coal would cause damage to plaintiffs, and also in failing to stop the mining when it should have known that damage would follow.

Mr. Justice Bell, now Chief Justice, in an opinion holding that the amendments should not have been allowed, analyzes the pertinent cases on the question of what is a "cause of action" in the context with which we are here concerned, concluding that here a new cause of action was averred by the amendment.

In Saracina v. Cotoia, 417 Pa. 80 (1965), cited by plaintiff and probably the latest appellate pronouncement in this field, an amendment was allowed to change the date of the accident; but this is clearly distinguishable from the instant case as the court there points out, "The *theory* [2] of negligence upon which the plaintiff-appellant relies, i.e., the alleged negligent *operation* of the automobile, *would not be changed*": page 85.

In Mays v. United Natural Gas Co., 268 Pa. 325 (1920), where plaintiff was injured when a steel beam fell on him, the Supreme Court quoted the lower court:

" 'The negligent act was the act which made it possible for the beam to fall. This, in the declaration, was a weak chain; in the amendment, was a careless and improper fastening of the chain by a negligent foreman. In our judgment these are two separate and distinct acts of negligence, for either of which an action might be maintained by the plaintiff, and to allow the proposed amendment would introduce a new cause for action' ": page 327.

Mr. Justice Jones in Emert v. Larami Corporation,

---

[2] Italics ours.

414 Pa. 396 (1964), in commenting on the Shenandoah case, supra, and the Cox case, supra, points out that, in those cases, when the courts spoke of "cause of action", they equated it with " 'the negligent conduct which occasioned the injury' " and they might just as well have used "negligent conduct" instead of "cause of action".

We conclude that the petition to amend must be denied, because it sets forth a new cause of action after the applicable statute of limitations has run.