### Schuchar v. Timber Hill, Inc.

*Phillip P. Santucci,* for plaintiff.
*Phillip H. Williams,* for defendant.

WILLIAMS, P. J., September 24, 1971.—Plaintiff filed his complaint against the original defendant, Timber Hill, Inc., alleging that he rented certain ski equipment from defendant on December 29, 1967. Paragraph 5 of the complaint alleges:

"On the date aforesaid, while Plaintiff was using the equipment of the Defendant, he suffered serious and permanent injuries as a result of the defective condition of the said equipment that was rented to him by the Defendant."

The complaint, in paragraph 7, alleges certain acts of negligence on the part of defendant which may be summarized as follows:

(a) Defendant failed to make reasonable inspection of the rented equipment.

(b) Defendant failed to warn plaintiff of the defects in the equipment which he knew, or should have known, constituted a danger to plaintiff.

(c) Leasing and renting of defective equipment which presented a hazard or danger to plaintiff.

(d) Renting skiing equipment with defective springs and a defective escape mechanism.

(e) Renting skiing equipment that was worn, used and a danger to persons using the same, particularly plaintiff.

Defendant's answer denies the allegations of the complaint.

The original defendant joined The Hump, Inc., as additional defendant. The complaint of the original defendant against the additional defendant alleges

that the additional defendant, on December 29, 1967, was engaged in renting ski equipment at Timber Hill, and on said date rented certain ski equipment to plaintiff, that if plaintiff sustained any injury because of defective equipment, the additional defendant is alone liable to plaintiff, since the additional defendant, not the original defendant, leased the alleged defective equipment to plaintiff.

On March 11, 1971, this court issued a rule on the defendant and additional defendant to show cause why plaintiff should not be allowed to amend paragraph 7 of its complaint so as to further aver that:

". . . the injuries sustained by Plaintiff were caused by . . . (the) failure of defendants to properly adjust the skis and bindings to the boots that were rented to the Plaintiff, and otherwise failing to use due care under the circumstances."

Plaintiff further requests that paragraph 7 of his complaint be amended so as to aver:

"(h) Failing to properly adjust the skis and bindings to Plaintiff's boots;

"(i) After being informed that Plaintiff was a 'beginner skier,' failing to adjust the bindings in such a way as to make them safe as possible for Plaintiff during such time as he was using the said skiing equipment; . . ."

The answer of the original and additional defendants to said rule avers that the proposed amendments introduce a new cause of action after the running of the statute of limitations and, therefore, the proposed amendments must be disallowed.

The statute of limitations had run prior to the requested amendments, and if the amendments do introduce a new cause of action, they may not be allowed: Saracina v. Cotora, 417 Pa. 80, 83 (1965).

It is the position of plaintiff that the proposed

amendments do not introduce a new cause of action, that the plaintiff is merely clarifying his original allegations of negligence and detailing the "step by step" events which led to the accident.

The Supreme Court has defined "Cause of Action" as "the negligent act or acts which caused the injury": Shenandoah Borough v. Philadelphia, 367 Pa. 180; Saracina v. Cotora, supra.

The issue here is whether defendant's duty to supply a nondefective mechanism is separable from its alleged duty to adjust the mechanism (whether defective or not) to plaintiff's boots. Due research discloses two cases, both analogous in principle which, in our opinion, rule this question.

In Stadler v. Mount Oliver Borough, 101 P. L. J. 263, 264 (C. P. Alleg., 1952), appeal quashed, 373 Pa. 316, 95 A. 2d 776 (1953), plaintiff's decedent was a 12-year-old-boy who drowned in a swimming pool operated by defendant, The original complaint alleged negligence in safeguarding the pool and keeping watch over the children using it. After the statute had run, plaintiff sought to amend by alleging that defendant was negligent in permitting the pool itself to become unsafe by reason of cloudy water, fungus growth, and accumulation of debris. Leave to amend was denied, and Judge Kennedy said:

"It is clear that these averments of negligence which the Plaintiff seeks to add to the original Complaint now since the Statute of Limitations has run, deal solely with a defective and dangerous swimming pool. This sets up a new cause of action and comes too late."

Only the order is inverted. There, plaintiff commenced by alleging improper supervision of the pool and followed, unsuccessfully, by attempting to allege that the pool itself was defective. Here, plaintiff orig-

inally alleged a defective mechanism and now seeks to allege that defendant improperly adjusted the mechanism (whether or not defective) to plaintiff's feet.

In Mays v. United Natural Gas Co., 268 Pa. 325, 327, 328, 112 Atl. 22 (1920), plaintiff was injured by the falling of a steel beam. The statement of claim contained only an allegation that defendant negligently furnished a chain of insufficient strength to support the beam, by reason of which it became uncoupled and broken, causing the accident. After the statute had run, the court refused to allow an amendment alleging that defendant's vice-principal had negligently fastened the chain to the beam. The Supreme Court affirmed, and Mr. Justice Walling said:

"A plaintiff may amend his statement, so as to amplify or particularize his complaint, or render it more specific (Coll v. Westinghouse E. & Mfg. Co., 230 Pa. 86) but cannot shift his ground by introducing a new agency as to the cause of the accident when a suit thereon would be barred (citing cases). Here the alleged negligence of the vice-principal was a new ground of complaint and could not be brought upon the record more than two years after the accident."

Plaintiff's complaint alleges that the original defendant was negligent because it rented defective equipment to plaintiff. Thus, the original complaint alleges a single cause of action, viz: the furnishing of defective skiing equipment. The proposed amendment introduces an entirely new concept of negligence, viz: that defendants were negligent in failing to properly adjust the skis and bindings to plaintiff's boots. The allegation of negligence in the complaint and the allegation of negligence in the proposed amendment present two totally independent causes of action. In no sense can it be said that the proposed amendment

clarifies or amplifies the original allegation of negligence. If the amendment were allowed, plaintiff could, if the jury found the evidence warranted it, recover on either allegation of negligence. To allow this amendment would introduce an entirely new theory of negligence. When plaintiff attempts to base his right of recovery on a new theory of negligence, he is, in fact, attempting to introduce a new cause of action. This, he cannot do after the statute of limitations has barred such cause of action. This was expressly decided in a number of Supreme Court cases. See Shenadoah Borough v. Philadelphia, supra. Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 459 (1966).

Since the amendments, if allowed, would introduce a new cause of action after the statute of limitations has barred such action, the petition to amend the complaint must be dismissed.

### ORDER

And now, September 24, 1971, plaintiff's petition to amend his complaint is disallowed, and the rule issued March 11, 1971, is discharged.