## Sullivan v. Modern Group Ltd.

C.P. of York County, no. 96-SU-01671-01.

*Thomas W. Hall,* for plaintiff.
*D. Holbrook Duer,* for defendant Drexel Industries.

KENNEDY, *J.,* April 11, 2000—This matter is before the court pursuant to the plaintiff's motion to amend complaint, a motion for partial summary judgment and/or motion in limine, and a motion for summary judgment and Count II (strict liability).

The plaintiff seeks to add a claim for punitive damages to the complaint. The defendant has moved to exclude any evidence of any post-sale conduct, such as modifications or recalls, of the defendant with regard to the allegedly defective product. The defendant has also filed for summary judgment, claiming that misuse of their product is an absolute defense to Count II.

## FACTS

The plaintiff, Nora Sullivan, was an operator of a forklift at the Peach Bottom Atomic Power Station. The plaintiff lifted a load of planks in the "front" position of the forklift. The load was carried well above the ground, some several feet. The planks would not fit through a fence and were rotated 90 degrees so that they would fit through the gate. When the load was rotated, the forklift

tipped over to the side where the load was being carried, It came to rest on the "forks." The plaintiff was injured when she was thrown from her seat. She suffered a concussion as a result of the accident.

## ISSUES BEFORE THE COURT

(1) Does the plaintiff's request to amend the complaint to demand punitive damages change the theory of recovery or operative facts of her suit in a manner that requires the court to deny her motion to amend her complaint?

(2) Should the court grant a motion in limine to exclude evidence of subsequent repairs or recalls?

(3) Should summary judgment be granted because the plaintiff misused the forklift?

## AMENDING THE COMPLAINT— STANDARD OF REVIEW

Generally, the allowance of amendments to complaints is within the sound discretion of the trial court. *Robinson Protective Alarm Co. v. Bolger & Picker,* 512 Pa. 116, 516 A.2d 299 (1986). Trial courts have latitude to ignore procedural defects and liberally permit amendments. *Biglan v. Biglan,* 330 Pa. Super. 512, 479 A.2d 1021 (1984). Despite the presumption in favor of liberal amendment, the right to amend is not absolute. *Grim v. Betz,* 372 Pa. Super. 614, 539 A.2d 1365 (1988). The court must refuse an amendment where it is proper to do so. *City of Philadelphia v. Spencer,* 139 Pa. Commw. 574, 591 A.2d 5 (1991).

In this case, we are faced with a motion to amend complaint where the central dispute is to whether the proposed amendments will create a new cause of action that

would otherwise be time-barred. Our decision will be governed by the standard described by the Superior Court in *Junk v. East End Fire Department,* 262 Pa. Super. 473, 396 A.2d 1269 (1978).

"Amendments may not be made if they serve to introduce a new cause of action after the running of the statute of limitations. *Kuisis v. Baldwin-Lima-Hamilton Corp.,* 457 Pa. 321, 325, 319 A.2d 914, 918 (1974). See also, Goodrich-Amram 2d §1033.4; 3 Standard Pennsylvania Practice 656; 2B Anderson Pennsylvania Civil Practice §1033.7. The decision to grant or deny permission to amend is within the discretion of the trial court and we will reverse that decision only upon a showing of a clear abuse of discretion. *Geiman v. Board of Assessment and Revision of Taxes,* 412 Pa. 608, 614, 195 A.2d 352, 355-56 (1963).

"A cause of action in negligence has been defined as the negligent act or acts which occasioned the injury for which relief is sought. *Cox v. Wilkes-Barre Railway Corporation,* 334 Pa. 568, 570, 6 A.2d 538, 539 (1939); *Martin v. Pittsburgh Railways Company,* 227 Pa. 18, 20, 75 A. 837, 837 (1910). A new cause of action does not exist if plaintiff's amendment merely adds to or amplifies the original complaint or if the original complaint states a cause of action showing that the plaintiff has a legal right to recover what is claimed in the subsequent complaint. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 460, 219 A.2d 676, 678-79 (1966); *Arner v. Sokol,* 373 Pa. 587, 591, 96 A.2d 854, 855-56 (1953); 3 Standard Pennsylvania Practice 682. A new cause of action does arise, however, if the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed. 2B Anderson Pennsylva-

nia Civil Practice, §§1033.28 and 1033.31." *Junk v. East End Fire Department,* 262 Pa. Super. at 490-91, 396 A.2d at 1277.

## AMENDING THE COMPLAINT—DISCUSSION

As explained above, if the underlying facts contained in a complaint are sufficient to sustain punitive damages, amending the complaint to amplify an existing claim is permissible. What is impermissible is using the pretext of amending an existing count to charge a new count after the expiration of the statute of limitations applicable to the "new" count.

The amendments that the plaintiff proposes to make to the following changes to the complaint:

*(26) In 1993, ANSI issued a standard that all fork lifts be fitted with seat belts. Thereafter, Drexel initiated a recall/retrofit program for its products; however, Drexel unreasonably limited the recall/retrofit program to products manufactured in or after 1993.*

*(27) Drexel's failure to include products manufactured prior to 1993 in its recall/retrofit program is outrageous behavior which evidences reckless indifference to the rights of others.*

The changes that the plaintiffs seek to make to the complaint are essentially revisions and expansions of the ad damnum clauses of the negligence and strict liability counts of the complaint. Paragraph 27 is merely a conclusion of law, namely that the defendant's behavior is outrageous. Therefore, we need to consider only the first sentence of the proposed amendment, or paragraph 26.

Since an amendment may only clarify an existing cause of action, paragraph 26 may not be the basis for a new claim. Therefore, the basis for punitive damages must

exist in the complaint in its unmodified form. Otherwise, the proposed amendments constitute an impermissible attempt to create a new cause of action.

It is generally left to the fact-finder to determine whether punitive damages should be granted, but the court can decide the issue if no reasonable inference from the facts alleged supports an award of punitive damages. *Eagle Traffic Control v. Addco,* 889 F. Supp. 200 (E.D. Pa. 1995). Although this is an unremarkable case, we cannot say that *no* reasonable inference of facts would support an award of punitive damages under paragraphs 1-25 of the complaint. Accordingly, we are unwilling to take the relatively drastic step of keeping the punitive damages issue from the jury. The plaintiff's petition to amend complaint is granted. We reserve any ruling on whether the punitive damages issue may be presented to the jury.

## MOTION IN LIMINE

The second issue before the court is whether to grant the defendant's motion in limine/motion for partial summary judgment. This motion consisted of two elements. We will address the motion in limine first, then address the motion for partial summary judgment.

Generally, it is impermissible for evidence of subsequent remedial measures to be used as evidence of negligence. This sort of evidence may be admissible in strict liability cases. This is the long-standing rule in the Commonwealth, and it was implemented to encourage the repair of dangerous conditions. At the present time, this issue is before the Pennsylvania Supreme Court which has granted allocatur in the case of *Duchess v. Langston Corp.,* 709 A.2d 410 (Pa. Super. 1998). In *Duchess,* the

Superior Court held that evidence of a design change subsequent to an accident is admissible.

The facts of this case involve not simply a design change, but also a recall. In *Matsko v. Harley Davidson Motor Co. Inc.,* 325 Pa. Super. 452, 473 A.2d 155 (1984), the post-accident recall of a motorcycle was admissible in a strict liability case. While the forklift involved with this accident was not part of the recall, it suffered from the lack of operator restraints that was the reason for the recall of the later model forklifts. Whether it should have been recalled with the later model forklifts is a point of contention in this case.

As discussed above, evidence of subsequent remedial measures is permitted in strict liability cases. The plaintiff has made a strict liability claim. The design changes made to the forklifts manufactured later are relevant where the design changes corrected the same problem that allegedly resulted in the plaintiff's injury.

Unless the Supreme Court rules otherwise, we remain bound by the decisions of the Superior Court in *Matsko* and *Duchess.* Given the similarities between the facts of *Matsko* and *Duchess* with this case, we are compelled to deny the defendant's motion in limine.

The second issue raised by the defendant is the motion for partial summary judgment. The defendant argues that there is no post-sale duty to warn consumers about technology changes or to retrofit the product. The defendant seeks to prevent the plaintiff from making any claim based on a post-sale duty to warn or retrofit the product, asking for summary judgment on the issue of whether a post-sale duty to warn existed.

The plaintiff has alleged that: (1) the forklift was defective; (2) the defect existed when it left the hands of the defendant; and (3) the defect caused the harm. The

important distinction between *Walton v. Avco Corp.,* 530 Pa. 568, 610 A.2d 454 (1992) and *Lynch v. McStome and Lincoln Plaza Associates,* 378 Pa. Super. 430, 548 A.2d 1276 (1988) is that in *Walton,* it was determined that a post-sale duty to warn existed where the product was detective from the date of the manufacture and where the manufacturer had notice of the defect. In *Lynch,* the product was not defective at the time of the sale, and no post-sale duty to warn existed.

From what has been presented to the court to this point, it appears that *Walton* rather than *Lynch* will be controlling. The defendant's motion for partial summary judgment is denied.

## DISCUSSION—MISUSE OF THE PRODUCT

The final issue before the court is the defendant's motion for summary judgment relating to misuse of the product.

Evidence of a product's misuse is admissible insofar as it relates to causation. *Charlton v. Toyota Industrial Equipment,* 714 A.2d 1043, 1047 (Pa. Super. 1998). If an accident is solely the result of the plaintiff's negligence and the accident is unrelated to a product defect, then evidence of misuse is inadmissible. *Id.*

In this case, the plaintiff used the forklift to move heavy items around the Peach Bottom Atomic Power Station. This is clearly an intended use for a forklift. There is evidence that the plaintiff did overload the forklift significantly, but the forklift was being used in a manner consistent with its intended purpose. We cannot say that, as a matter of law, the product was being misused.

Questions remain about whether the manuals and the warnings relating to the product, other than those on the

fork lift itself, were available to the plaintiff or whether they were sufficient. It is also unclear whether the plaintiff had any choice in encountering the risk.

Viewed in the light most favorable to the non-moving party, these disputed issues are genuine and material and cannot be resolved in favor of the moving party. For this reason, we are unable to grant the defendant's claim for summary judgment on this issue.

## ORDER

(1) The plaintiff's motion to amend complaint is granted.

(2) The defendant's motion in limine is denied.

(3) The defendant's motion for partial summary judgment on the post-sale duty to warn issue is denied.

(4) The defendant's motion for summary judgment on the misuse of the product issue is denied.

The prothonotary of York County shall provide notice of this memorandum and order as required by law.