## Clarkson v. Geisinger Medical Center

C.P. of Montour County, no. 123-00.

*R. Matthew Patch,* for plaintiff.
*Donna L. Rae,* for defendants.

JAMES, *J.,* May 25, 2000—Plaintiff filed a complaint at law, alleging medical negligence on the part of defendants. Defendants filed two preliminary objections. The first objection was in the form of a "demurrer/motion to strike all claims for recklessness." Plaintiff stipulated to strike the allegations of recklessness from the complaint.

The second preliminary objection was a "motion to strike complaint/alternative motion for more specific pleading" to the following paragraphs, alleging these "acts" of negligence:

"11(A) failing to perform the excision of the hidrantentiis suppurtive on Scott E. Clarkson's right buttock in accordance within medically accepted standards for general surgeons . . . .

"11(D) failing to provide the requisite degree of care in managing plaintiff's medical condition and failing to perform to the requisite standard of care under the circumstances. . .

"37(A) failing to uphold the proper standard of care to ensure the plaintiff's safety and well-being while at the hospital."

Defendants suggest that these allegations of negligence do not comply with the requirement of Pa.R.C.P. 1019(a) that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Defendants also contend that the general,

non-specific allegations of paragraph 11(A), 11(D) and 37(A) leave defendants "powerless to prevent plaintiff from obtaining leave to amend the complaint to allege new and different theories of negligence after the running of the statute of limitations" under *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). We agree.

Pa.R.C.P. 1019(a) requires that the complaint state "material facts" to support a cause of action. "A cause of action in negligence has been defined as the negligent act or acts which occasioned the injury for which relief is sought." *Reynolds v. Thomas Jefferson Hospital,* 450 Pa. Super. 327, 338, 676 A.2d 1205, 1210 (1996), citing *Cox v. Wilkes-Barre Railway Corporation,* 334 Pa. 568, 570, 6 A.2d 538, 539 (1939).

In *Connor, supra,* the Pennsylvania Supreme Court found that general allegations of negligence could be amplified by later amendments to the complaint. However, in order to be more specifically apprised of the act or acts of negligence (as required by Pa.R.C.P. 1019(a)), a party "could have filed a preliminary objection in the nature of a request for a more specific pleading or it could have moved to strike that portion of [appellant's] complaint." *Connor,* 501 Pa. at 311 n.3, 461 A.2d at 602 n.3.

As a result of *Connor,* defendants are properly concerned about unidentified allegations of negligence arising late in the litigation process flowing out of a general allegation of negligence raised early in the process. Some common pleas courts have been rightly attuned to plaintiffs who have less knowledge than the defendant medical providers about the care and/or treatment provided. While weighing the "practical considerations involved with medical malpractice actions," one

court gave the plaintiff a "reasonable amount of time to conduct discovery," and then allowed plaintiffs to amend the general allegations in their complaint. *Johnson v. Patel,* 19 D.&C.4th 305 (Lacka. Cty. 1993).

A common pleas court has upheld allegations of negligence that were "not very specific," and suggested the "court adopt a rule allowing courts to grant plaintiffs a period of time for discovery prior to the filing of a complaint" to avoid the *Connor* conundrum. See *Rogers v. Soldiers & Sailors Memorial Hospital,* 16 D.&C.4th 573 (Tioga Cty. 1991).

There are methods by which a plaintiff could be protected from the trap of after-discovered evidence of a new cause of action. First, filing the claim at a date much earlier than the date of the statute of limitation would allow more time for discovery and, if necessary, amendments to the pleadings. Second, a thorough investigation and analysis of the case prior to filing could eliminate overlooked causes of action. Third, plaintiffs could file a summons and engage in pretrial discovery, if appropriate. See *Potts v. Consolidated Rail Corp.,* 37 D.&C.4th 196 (Allegheny Cty. 1998).

Finally, this court can envision situations where a general allegation of negligence in a complaint could be left open (under limited circumstances) for a reasonable amount of time while discovery proceeds. For example, under a separate petition, a party could ask for a reasonable time to conduct discovery before amending the general allegations of negligence in a complaint where knowledge of material facts is in the exclusive control of an adverse or hostile party. However, there is no such petition before the court, nor does this court encourage the use of such petitions, except where absolutely necessary to prepare a proper complaint.

The issue before this court is whether the allegations of negligence in paragraphs 11(A), 11(D) and 37(A) conform with Pa.R.C.P. 1019(a). The Pennsylvania appellate courts have said that "while it is not necessary that the complaint identify the specific legal theory of the underlying claim, it must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim." *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 337, 690 A.2d 719, 723 (1997).

In a common pleas case similar to ours, the Somerset Common Pleas Court struck paragraphs containing general allegations of negligence. The court acknowledged that the complaint must be read as a whole, and that each individual averment at issue must be read in connection with all other parts and averments of the complaint. However, "a physician charged with negligence and unskillfulness in the practice of his profession is entitled to be advised of the specific acts of commission or omission which constitutes the negligence and unskillfulness complained of, so that plaintiff's proof may be confined to such acts, and so that he may reasonably prepare for his defense." *Boyd v. Somerset Hospital,* 24 D.&C.4th 564, 568 (Somerset Cty. 1993), citing *Gray v. Oech,* 49 D.&C.2d 455 (1970).

After considering the allegations of paragraphs 11(A), 11(D) and 37(A) by themselves and in the context of the entire complaint, it is clear that paragraphs 11(A), 11(D) and 37(A) are simply general allegations of negligence without reference to sufficient material facts. There are no acts of commission or omission specified. Defendants are entitled to be informed of the specific nature of the acts alleged so that they may prepare and present a de-

fense. These paragraphs must be stricken, with leave to amend the complaint to include specific acts. The court will provide plaintiff with additional time to review the matter, conduct further investigation, and to amend the complaint accordingly.

## ORDER

And now, May 25, 2000, it is ordered and decreed as follows:

(1) By agreement and stipulation of the parties, defendants' first preliminary objection in the nature of a demurrer/motion to strike all claims for recklessness is granted. All claims regarding "recklessness" are hereby stricken.

(2) Defendants' second preliminary objection in the form of a motion for more specific pleading is granted in regard to paragraphs 11(A), 11(D) and 37(A). Paragraphs 11(A), 11(D) and 37(A) are stricken, with leave to amend the complaint with more specificity.

(3) Plaintiff shall file an amended complaint in accordance with the opinion and this order within 60 days of this date.